JAMES LEEDS, Executor, *vs.* CYRUS WAKEFIELD & others.

The execution of a power, affected by a trust for the benefit of children and their issue, to which the consent of a majority of the children living at the time of executing it is made necessary by the will creating the power, is valid in equity without such consent, if the children are all dead at that time.

A testator, who left a wife, three sons and a daughter, devised the rents and profits of real estate to his wife during her life, and, in case she should die before all his children should be of age, directed his executor to take possession of the estate and, as long as any of the children should be under age, appropriate the income to their support, "and as soon as all my said children shall have come of age (their mother being dead) my said executor shall proceed to sell and dispose of my said estates, consulting and advising however with my said children, and not selling unless the consent of a majority of my said children then living shall be obtained in writing to the said sale," and distribute the proceeds among the four children equally, giving the share of any child who should be dead to its lawful issue, or, if there should be no such issue, to the surviving children, equally; and further, if the wife should not die till all the children should be of age, take possession of the estate and proceed to sell it "in the same way and under the same limitations, and distribute the proceeds thereof in the same manner as is above provided in the case of my wife's dying before all my children shall have come of age."

Leeds, Executor, *v.* Wakefield & others.

All the children came of age and died in the wife's lifetime; all without issue, except one son, who left a child; the daughter conveyed her interest before her death; at the widow's death, the executor sold the real estate. *Held*, that the daughter's interest was either contingent, or, if vested, was devested by the execution of the power, and in either case her grantee had no interest in the proceeds of the sale.

BILL IN EQUITY, in the nature of a bill of interpleader, filed by the executor and trustee under the will of John Howe, the material provisions of which were as follows :

1st. A devise of the rents and profits of certain real estate to his wife for life, charged with the maintenance of his three sons during minority, and of his daughter while unmarried.

2d. " If my said wife should die before all my children shall have arrived at lawful age, then it is my will that my executor shall take possession of my real estates, and receive the rents and income thereof as long as any of my children shall remain under age, and shall appropriate the said income, or so much thereof as may be needed for that purpose, to the support and maintenance of such minor child or children, and when all my said children shall be of age, if there remains any balance unexpended of said rents and profits in my executor's hands, he shall distribute it equally among my said children ; and as soon as all my said children shall have come of age (their mother being dead) my said executor shall proceed, as soon as he conveniently can, to sell and dispose of my said estates for the best price he can obtain, consulting and advising however with my said children, and not selling unless the consent of a majority of my said children then living shall be obtained in writing to the said sale ; " and the proceeds of the sale, together with any unexpended income, shall be distributed equally among the four children, giving the share of any child, who shall be dead, to its lawful issue, or, if there shall be no such issue, to the surviving children equally.

3d. " If my wife shall not decease until after all my children shall have come of age, then it is my will that immediately upon the decease of my wife my said executor shall enter into and take possession of my said estates, and shall proceed to sell and dispose of the same in the same way, and under the same limitations, and shall distribute the proceeds thereof in the same

manner, as is above provided in the case of my wife's dying be-fore all my children shall have come of age."

The testator's widow and four children all survived his death and the coming of age of the youngest child. Then two of the sons died, without issue. The daughter, Ann Howe, conveyed her interest in the estate to Cyrus Wakefield, in trust, first for herself and children, and then for Enoch H. Wakefield, whom she soon after married; and died without issue. The surviving son, George, died, leaving issue a minor daughter, Ann M. Howe. And then the widow died. The executor sold the estate, under a resolve of the legislature, and an agreement that the sale should not affect the rights of the parties; and held the proceeds for distribution.

The granddaughter, as the sole heir of the only one of the testator's children who left issue, claimed by her guardian the whole of the proceeds. The Wakefields claimed a portion under the conveyance from the testator's daughter.

*A. A. Ranney & N. Morse,* for the plaintiff and the granddaughter.

*E. R. Hoar & H. Gray, Jr.* for the Wakefields. The estate vested in all the testator's heirs equally, except so far as the will otherwise provided. The devise to the widow for life did not affect the estates of the heirs upon her decease.

The second provision of the will, whether it would give the executor a mere power, or an estate by implication, was to take effect only upon the contingency, which never happened, of the death of the widow before all the children should come of age.

The third provision of the will, being a mere direction to the executor to sell and to distribute the proceeds, gave him a power merely, and no estate; and left the estate in the heirs, subject only to be devested upon a lawful execution of the power. *Greenough* v. *Welles,* 10 Cush. 577. 4 Kent Com. (6th ed.) 320, & authorities cited. Where, by the terms of an instrument creating a power, the consent of particular persons, either named or described, is required, their consent must be obtained; and after their death the power cannot be executed. Sugd. Pow. (1st Amer. ed.) 211, 212, 264. Pow. Dev. 296. 2 Prest. Abstr.

Tit. 263. *Danne* v. *Annas*, Dyer, 219 *a*. *Butler* v. *Bray*, Benl. 82 ; Dyer, 189 *b* ; approved in Godb. 77, 1 Leon. 74, and Wilmot, 56. *Atwaters* v. *Birt*, Cro. Eliz. 856. *Mansell* v. *Mansell*, Wilmot, 53–56. The words of a power are to receive a reasonable construction ; but, so construed, must be strictly complied with. It is in accordance with this rule, that a power, given to three or more generally, and not by name — as to " my trustees," " my sons in law " — has been held to survive while the plural number remains. Sugd. Pow. 165, approved by Wilde, J. in *Tainter* v. *Clark*, 13 Met. 225, 226.

The clause in this will, requiring the executor to advise with the children before selling, would of itself prevent him from executing the power after their death. *Frankelen's case*, cited by Dyer in Mo. pl. 172. But he is also in terms prohibited from selling " unless the consent of a majority of my said children then living shall be obtained in writing to the said sale." These words cannot fairly be taken to limit the previous clause further than to make the assent of a majority equivalent to unanimous assent ; indeed the very word " majority " implies the existence of somebody, if not of more than one. The court cannot, after " children then living," add " if any shall be then living." The testator's intent appears to have been that a sale of the estate, which might under his will occasion a change in the division of his property, should not be made without the consent of some of his own children.

SHAW, C. J. The power given to the executor to sell and dispose of the real estate, upon the decease of the widow, after the children had all come of age, and to distribute the proceeds of the sale amongst the children then surviving, putting the issue of any deceased child in place of such child for the purpose of distribution, was a power coupled with a trust, which trus could only be carried into effect by first executing the power, so that the trust affects the proceeds, when thus raised by the execution of the power, by the sale of the estate. *Greenough* v *Welles*, 10 Cush. 576.

As a general rule, one clothed with a mere naked power may execute the power or not, at his own will ; but one invested

with a power to which a trust is annexed is bound in equity, as in other cases of trust, to execute the power, in order that the equitable rights of those who are stated as the objects of the testator's bounty under such trusts, may have the enjoyment of the benefits intended for them. Sugd. Pow. 394. And so far will a court of equity regard the rights of such objects of the testator's bounty, that, when the donee of the power has from any cause failed to execute it, and thereby give direct effect to the trust, in regard to the proceeds of the sale, a court of equity will require the party in whom the estate is vested to join in a sale of the estate, in order to give effect to the trusts dependent thereon. *Gibbs* v. *Marsh*, 2 Met. 251. And when a power is thus coupled with a trust, it is the duty of the donee to execute it as required by the will; and a court of equity will not permit any accident, neglect of the donee, or other cause, to disappoint the interest of those who are entitled to the contemplated benefits under it.

But it is not necessary to inquire what would have been the rights of the beneficiaries in case the original donee of the power, the executor, had elected not to execute it, or had neglected to do so, or had died before executing it; because the executor as such donee of the power has survived the widow and all the children, and is not only ready and willing to execute the power but has executed it, by selling the estate, and he now holds the proceeds subject to the trusts of the will, and brings this bill, in the nature of a bill of interpleader, that the conflicting claimants of these proceeds may contest their relative claims and obtain a decree of this court directing him how to pay it over.

The foregoing considerations as to what would have been the rights of the parties, in case the power had not been executed, are important only as illustrating the nature and extent of the rights of the beneficiaries under such trust power, and the manner in which they are regarded in a court of equity, as extending to and affecting the real estate, out of the sale of which, under the power, such equitable rights arise.

The only ground on which any doubt would seem to arise in this case is, that the power of sale was made conditional on the

consent in writing by the children. The purpose of the testator, we think, was to make a disposition of his whole estate; and the mode was by ordering his executor to sell, as soon as all the children should come of age and the widow decease; should she die before the youngest child was of age, the sale might then be postponed till the latter contingency should happen; it was then to be made. There might therefore be a case in which the sale should be made, when all or some of the children should be living and of age, and then it was the intent of the testator that such consent should be obtained. But if, on the decease of the widow, there were no children surviving, no children then living, there was no apparent purpose which could have affected the mind of the testator, to prohibit a sale, when such consent of children had become alike unnecessary to protect their interests, and impossible; we think the condition was annulled by the event of all the children dying, and therefore that the power became thereby unconditional.

Whether this would be the case with respect to a mere naked power, the right execution of which depends upon a strict compliance with all the terms on which it is given, or not, we have no doubt that it applies to a trust power, where the execution of the power is obviously a means only of carrying into effect the ultimate object of the testator, in providing for the benefits specially designated for the declared objects of his bounty.

A subsequent clause of the will directs that if the wife shall not decease until all the children have come of age, then it shall be the duty of the executor, immediately on the decease of the wife, to enter upon and sell the estates, and to proceed in the same way and under the same limitations, and to distribute the proceeds in the same manner. This, we think, applies to the actual state of things as it should exist; if children then survived, they were to be consulted, and their consent in writing obtained; otherwise, being impossible, the sale was to be made without such consent.

How then does the execution of the power affect the interest of the respondents Wakefield and Wakefield, either in the real estate, or in the proceeds thereof in the hands of the executor?

Had there been a residuary clause in this will, the legal estate, after the devise to the wife for life, would have vested in such residuary devisee in fee; but such legal estate would have so vested in him, 1. even if the power of sale were a naked power, subject to be devested upon a due and legal execution of the power of sale, by which it should be sold to a third party, to hold in fee; and 2. if it was a trust power, then subject to the trust thereby created, which would reach and affect the estate, even if there had not been a precise and exact legal execution of the power by a completion of such execution in equity.

But in the present case there was a strict execution of the power, by the original donee, by which, had the legal estate vested in a residuary devisee, it was devested and wholly defeated. It is unnecessary to discuss the question whether Ann Howe, when she executed her deed to Wakefield, had a vested or contingent interest in the estate; if contingent, it was dependent on the event of her surviving her mother, whom she did not survive, and so it never became vested; but, if vested, it became devested by the due execution of a power of sale created by the same will under which she derived her legal estate. *Cowdin* v. *Perry*, 11 Pick. 509. As there was no residuary clause in this will, or other devise over, after the decease of the wife, the children took the legal estate as heirs at law; but their legal interest would be regarded as a reversion, subject to be defeated by the right execution of a power given by the ancestor by his will, and subject to any trust affecting the estate in equity, in the same manner as if they held by way of remainder.

We are therefore of opinion, that whatever legal estate Ann Howe had in the remainder or reversion expectant on the termination of the life estate of the mother, it was either a contingent interest, and was determined by her decease in the lifetime of her mother; or, if vested, it was defeated by the due execution of the power of sale by the executor; and, in either event, her grantee has no interest in the proceeds of the sale of the estate by the executor; but Ann M. Howe, the minor, being the only child and heir of George Howe, who was the only child of the testator who left issue, is entitled by the terms of his will to the net proceeds of such sale. *Decree accordingly.*