# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Hackett, Exr., *v.* Milnor, Appellant.

*Will—Construction—Power of sale.*

Testatrix gave her whole estate to three of her daughters, naming them, for life, and upon the death of each of them to the survivor or survivors. Upon the death of the last survivor, if any surplus was left it was to be divided equally among her other children. She further directed as follows: "I also direct my executor by and with the advice, consent and approval of my said named daughters and legatees, if he shall see fit at any time after my decease, to sell, either by public or private sale, any and all the real estate I may die seized of, and to convey and make title by deed to the purchaser or purchasers of the same, and pay over the proceeds to my said daughters and legatees above named for their use." *Held,* that a deed by the executor and the two surviving daughters named in the will would pass a good title to the real estate.

Argued May 24, 1893. Appeal, No. 22, July T., 1893, by defendant, Harvey G. Milnor, from judgment of C. P. Perry Co., April T., 1893, No. 50, on case stated in favor of plaintiff, James B. Hackett, executor of Elizabeth Hackett, deceased. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Case stated to determine validity of deed.

The case stated set out the following facts:

" 1. Mrs. Elizabeth Hackett made her last will and testa-ment, which was duly admitted to probate on June 1, 1875, in which she disposed of her estate, as follows :

" ' First. I give and bequeath to my three daughters, Eliza-beth, Rachel and Mary Ellen, all my estate, real, personal and mixed, of every kind, description, nature and quality whatso-ever, to have, hold and enjoy the same,.with the rents, profits and income thereof, jointly and together, so long as they shall live.—At the death of the first, the two survivors to have and use the same ; at the death of the second, the third and last survivor to have, use and occupy the same ; and, at and after the death of the. third and last of my said daughters above named, if any surplus is left and remaining over and above, it is my will, and I so direct, that it be divided equally among my other children ; and, if any of them be dead, then their share to be divided among their children.

" ' Second. I direct my executor, hereinafter named, to collect all bonds, judgments, notes, due-bills, book-accounts, rents, etc., due and owing me, and pay the same over to my said daughters above named, as aforesaid, for their use.

" ' Third. I also direct my executor, by and with the advice, consent and approval of my said named daughters and legatees, if he shall see fit at any time after my decease, to sell, either by public or private sale, any and all the real estate I may die seized of, and to convey and make title by deed to the pur-chaser or purchasers of the same, and pay over the proceeds to my said daughters and legatees above named for their use.

" ' Fourth. It is not that I have any less maternal love for my other children, than for my three daughters above named, but they are all settled in life and getting along, and it is to make suitable provision for my daughters above named, who have watched over and taken care of me during these many years of sickness and suffering.

" ' And, lastly, I do hereby appoint my son, James B. Hack-ett, the executor of this my last will and testament.' "

" 2. James B. Hackett, who was appointed in said will as the executor thereof, took upon himself the execution of said trust, and letters testamentary were issued to him in due form of law.

" 3. At the date of the execution of said will there were other

children of said testatrix, to wit: James B. Hackett, the executor aforesaid, Robert Hackett, C. J. Hackett and George Hackett, and Mrs. Rebecca S. Marshall, all of whom are now surviving, and the children of a deceased daughter, Mrs. Martha Jackson, of whom one son, John, still survives.

" 4. Miss Mary Ellen Hackett, one of the three daughters named in the will, is now deceased.

" 5. On the 31st day of January, 1893, James B. Hackett, executor as aforesaid, and Elizabeth Hackett and Rachel Hackett, the two surviving daughters named in the said will, parties of the first part, and the said Harvey G. Milnor, party of the second part, entered into a written agreement by which the parties of the first part agreed ' to sell and convey to the party of the second part, his heirs and assigns, by a good and sufficient conveyance and title in law, clear of all incumbrances and outstanding titles' certain real estate of decedent. . . .

" 6. The plaintiff tendered to the defendant a deed for said premises, duly executed by himself as said executor, and by the said Elizabeth Hackett and Rachel Hackett, as the survivors of the three daughters named in said will, which deed the defendant refused to accept, as a deed ' clear of all incumbrances and outstanding titles ; ' alleging as the defect objected to (there being no incumbrances otherwise) that there would be, nevertheless, an outstanding title in the other children and the grandchild of said testatrix, above named in paragraph No. 3."

If the deed conveyed a clear title, judgment for plaintiff ; otherwise, judgment for defendant. The court entered judgment for plaintiff in the following opinion by LYONS, P. J. :

" By the terms of the will of Mrs. Elizabeth Hackett, it is evident that her three daughters, Elizabeth, Rachel and Mary Ellen, were the primary and principal objects of her bounty. And while it might be contended that in the first clause of her will she only gave to them a life estate, yet when the whole will is taken into consideration, the manifest intention of the testatrix was to give to her three daughters above named, or the survivors or survivor of them, absolute control over the personal estate ; and the only limitation on their power over the real estate was the discretion given to the executor whether he would sell the real estate or not. The executor could not by the terms of the will sell the real estate except ' by and with

the advice, consent and approval' of the said daughters; neither could they sell it, or compel the executor to do so, unless 'he shall see fit' so to do.

" One of the said daughters, Mary Ellen, is now deceased. The advice, consent and approval of the two surviving daughters is all that is required to enable the executor to sell and convey the real estate. They having joined with the executor in the agreement to grant, sell and convey the real estate described in the case stated, and also in the deed of conveyance for the same—that is sufficient evidence of their advice, consent and approval to enable the executor to make a good and indefeasible title to the said real estate.

" The consent and approval of the remaining children of the testatrix and the grandchild is not necessary to the validity of the title. They are entitled to nothing until after the death of the last survivor of the three daughters, Elizabeth, Rachel and Mary Ellen, and then only to what is left. There is no restriction upon the daughters above named as to the use they may make of the money derived from the bonds, judgments, notes, due bills, book accounts, rents, etc., nor are they restricted in the use to which the money arising from the sale of the real estate is to be applied.

" The executor has the power to sell if he sees fit, provided the daughters advise, consent and approve—and they having joined with him in the agreement to sell and convey, and also in the deed of conveyance, the court is of the opinion that a deed duly executed by James B. Hackett, the executor of Mrs. Elizabeth Hackett, and the said surviving daughters, Elizabeth Hackett, and Rachel Hackett, is a good and sufficient conveyance and title in law, clear of all incumbrances and outstanding title under the facts contained in the case stated to the estate therein described."

*Error assigned* was, entry of judgment for plaintiff.

*B. F. Junkin*, for appellant.

No brief or argument contra.

PER CURIAM, May 31, 1893:
There was no error in entering judgment for the plaintiff in

this case stated. All that can be profitably said on the questions presented will be found in the opinion of the learned president of the common pleas, sent up with the record. On that opinion we affirm the judgment.

In the third item of her will, wherein the testatrix directs her " executor by and with the advice, consent and approval of my said named daughters and legatees, if he shall see fit, at any time after my decease, to sell," etc., the words, "said named daughters and legatees," evidently refer only to her three daughters, Elizabeth, Rachel and Mary Ellen, the chief objects of her bounty, named in the first item. The expression above quoted is merely a sort of double designation of said three daughters. The word " legatees " refers to them alone, and was not intended to include other legatees for whom more remote provision is made in the will. The assignment of error is not sustained.

Judgment affirmed.