[Civ. No. 1712. Fourth Appellate District.—September 16, 1935.]

LILLITA LOUISE CHAPLIN, Respondent, v. CHARLES SPENCER CHAPLIN, Appellant.

Loyd Wright and Charles E. Millikan for Appellant.

George B. Bush for Respondent.

JENNINGS, J.—This is an appeal by the defendant, Charles Spencer Chaplin, from the judgment of the Superior Court of Los Angeles County in a proceeding instituted jointly by the defendant and by plaintiff, Lillita Louise Chaplin, the former wife of said defendant. The object of the proceeding was to secure judicial interpretation of a certain property settlement agreement theretofore executed by

the above-named parties and incorporated in the final decree rendered in the divorce action between the parties.

It is now made to appear that, during the pendency of this appeal, the parties have reached an agreement with respect to the meaning and interpretation of the above-mentioned property settlement agreement and have expressly agreed that the judgment of the trial court shall be modified in the following particulars: First, finding No. 1, as the same is set forth in the judgment, is stricken therefrom and in lieu thereof the following finding is incorporated:

"1. That the said Property Settlement Agreement by its terms permits the said Charles Spencer Chaplin, the Trustor, in the creation and establishment of said trust and trust fund, to provide by his Declaration of Trust for the reservation of the right in him, during his lifetime, to determine and direct the investment of the said trust fund and to require the Trustee to make investments of said fund as the said Trustor shall determine and direct."

Second, finding No. 3, as set forth in the judgment, is stricken therefrom and in its place the following finding is substituted:

"3. That the Declaration of Trust attached hereto and made a part of this order, judgment and decree setting forth the terms, conditions and provisions for the creation and establishment of the trust and trust fund contemplated and provided for by said Property Settlement Agreement, and the investment, management, administration thereof and the disposition and distribution of the income and *corpus* thereof, is to all intents and purposes in accordance with the terms, conditions and provisions of the said property settlement agreement with respect thereto; and the execution of the said Declaration of Trust by the said Charles Spencer Chaplin and the creation of the said trust and trust fund in accordance with its terms, conditions and provisions, will constitute a full compliance with the terms, conditions and provisions of said agreement, providing for and with respect to the creation and establishment of said trust and trust fund of $200,000.00; and the deposit with the said Trustee or the retention by said Trustee of the said sum of $200,000.00 under the terms, conditions and provisions of said Declaration of Trust, to be held and administered upon the uses and trusts therein specified,

shall and will constitute a full release and discharge of the said Charles Spencer Chaplin of and from all and every obligation and duty to create and/or establish the trust or trust fund to be created by him pursuant to the terms, conditions and provisions of the Property Settlement Agreement between said parties."

Third, subdivisions (d) and (e) of the judgment are stricken therefrom. Fourth, subdivision (f) of the judgment is stricken therefrom and in its place the following subdivision designated (d) is substituted:

"(d). That upon the execution and delivery of said Declaration of Trust by said Charles Spencer Chaplin as aforesaid, and the acceptance thereof by said Citizens National Trust & Savings Bank, said bank having on deposit at said time the said sum of $200,000.00 theretofore deposited with it by the said Charles Spencer Chaplin, or the said sum of $200,000.00 deposited with said bank at the time of the acceptance of said Declaration of Trust by said bank, as the trust fund subject to the said Declaration of Trust, and the approval of the terms and conditions of said Declaration of Trust by said Lillita Louise Chaplin, as being in conformity with the said Property Settlement Agreement, the said Charles Spencer Chaplin shall be, and he hereby is, fully discharged of any and all obligation under said Property Settlement Agreement, or otherwise, to create the trust or trust fund for the benefit of the said minor children as provided in said Property Settlement Agreement, or to comply further with any term, condition or provision of said Property Settlement Agreement with respect to the creation of such trust or trust fund."

Fifth, the form of Declaration of Trust attached to and made a part of the judgment is stricken therefrom and in its stead the following form of Declaration of Trust is substituted:

"DECLARATION OF TRUST.

"KNOW ALL MEN BY THESE PRESENTS: That the CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES, a national banking association, with its principal office at Los Angeles, California, hereinafter called TRUSTEE, does hereby admit, certify and declare that CHARLES SPENCER CHAPLIN, a resident of Beverly Hills, California, hereinafter called TRUSTOR, has conveyed,

transferred and delivered to the said Trustee, the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) lawful money of the United States.

"It is agreed that no consideration was given by the said Trustee for the delivery to it of said sum of money, and that the same has been so received and accepted by it, and will be hereafter held by it in trust, under the terms and conditions set forth in this Declaration, for the following uses and purposes, and subject to the conditions and reservations and upon the trusts following, to-wit:

## "ARTICLE I.

"It is an express condition of this trust that the Trustee shall not be responsible nor assume any liability for the nature, value or extent of its title to any sum of money accepted in trust hereunder, nor for any adverse or conflicting claims of interest therein of other persons, but that its only liability shall be for such right, title and interest as it may have received or may hereafter acquire in said sums or future sums of money that may be delivered to it hereunder, and for such sums as it may collect from the *corpus* of the trust estate.

## "ARTICLE II.

"Said Trustee is authorized and empowered to retain and hold, subject to the provisions hereof, said sum of money as well as any additional sums which may be by the Trustor or otherwise, from time to time, added to the principal of this trust, as hereinafter provided, at the risk of the trust estate and not at the risk of the Trustee. Said Trustee is hereby given the power of sale and exchange in connection with securities from time to time comprising the principal of this trust, and is authorized and empowered from time to time, subject to the limitations and restrictions hereinafter set forth, to invest, reinvest, loan and reloan, the proceeds and cash principal in selected securities, properties and investments consisting of revenue producing properties in areas demonstrated as well established and within the direct lines of expansion or in valid Bonds of the United States Government, or securities and stocks of companies developing the so-called necessities or luxuries of life and business having a proven income record of soundness and stability suitable for investment

of trust funds, except as hereinafter provided, and upon such terms and conditions as said Trustee may deem to be for the best interests of this trust; said Trustee to use every reasonable precaution to protect all persons interested in this trust from loss by reason of such loans or investments.

"During the lifetime of the Trustor, Charles Spencer Chaplin, no sale or exchange of property which may at any time comprise the principal of the trust estate, and no change in the investment of the principal of the trust estate shall be made by the Trustee except upon written order and direction of said Trustor, or his agent authorized by him in writing to give for and on behalf of the Trustor, such written order and/or direction, and the said Trustor, during his lifetime hereby reserves for himself the right to direct from time to time, in writing, said Trustee as to the investment of all cash principal in any securities and/or property, whether or not the same may be approved and/or permissible by law for investment of trust funds under the law controlling the investment of trust funds for national banks, or state banks, if the Trustee at any time be a state bank. After the death of said Trustor, the aforesaid rights reserved to the Trustor to direct said Trustee as to the investment of all cash principal shall be exercised by the duly appointed and qualified executor or executors of the estate of Charles Spencer Chaplin, the Trustor herein, subject, however, to the approval of the Trustee; but said investments when so made shall not be restricted to investments permissible by the law for investment of trust funds under the law controlling the investment of trust funds for national banks, or the Trustee. After the said executor has or executors have been discharged, and until the time when the younger of said children shall have attained his majority, the Trustee shall only sell, exchange, invest and reinvest in such securities, as hereinabove provided for, by and with the approval of the guardian of the estates of said children or such agent or attorney as is duly authorized in writing to act for said guardian. After the younger of said children shall have attained his majority, if the Trustor be then deceased, any and all investments by the said Trustee shall be made by and with the approval of the said children, or by a person or persons selected and given written authority by said children for that purpose. Not-

withstanding anything herein to the contrary, said Trustee shall invest neither principal nor income from the *corpus* of said trust estate, in any securities underwritten by the said Trustee, or in which the said Trustee is directly or indirectly interested.

"Said Trustee may, if it so elects, cause such properties, securities and shares of corporate stock that may hereafter become subject to this trust, to be transferred into the name of the Trustee, as Trustee under its Trust Number ———, and either name the beneficiaries in the corporate certificates, and/or furnish said corporation with the names of the beneficiaries and/or a certified copy of this Declaration of Trust; or hold said corporate stock in this trust without transferring it to its name, and/or it may hold the same in the name of the Trustor.

"All dividends accruing on shares of the capital stock of any corporation which form a part of the principal of the trust estate and payable in shares of such corporation, shall be deemed income. Where the trustee shall have the option of receiving a dividend either in cash or in shares of the declaring corporation, it shall be considered cash dividend and deemed income irrespective of the choice made by the Trustee. Stock dividends shall be sold upon receipt by Trustee, and shall be considered cash income. All rights to subscribe to the shares or other securities or obligations of a corporation accruing on account of the ownership of shares in such corporation and the proceeds of any sale of such rights, shall be deemed income if purchased out of funds derived from income but if purchased with cash taken from the *corpus* of the trust or profits derived therefrom it shall be deemed principal.

"Said Trustee is directed to charge all premiums on investments against principal and to credit all discounts on investments to principal. In all other cases said Trustee is hereby vested with absolute and uncontrolled discretion and power to determine what shall constitute principal of the trust estate or the gross income therefrom, or net income available for distribution under the terms of this trust; and it may also, at its discretion and after first obtaining the written consent of the Trustor, if living, improve any real property subject to this trust, or rebuild, or alter, or repair

any improvements thereon, of such character, amount, cost, and from such funds or property subject to this trust as it may deem advisable, and which the Trustor may first approve.

"Said Trustee may loan or advance its own funds to the trust estate for any purpose for the protection of any capital investment for the trust estate, at prevailing rates of interest, which loan or advancement shall thereupon become a first lien on the entire trust estate as to both principal and income, and be repaid to said Trustee before any other payments or distributions herein provided for shall be made.

## "ARTICLE III.

"If the Trustee hereunder shall resign under the right so to do which it hereby expressly reserves for itself and its successor and/or successors in office, the successor of said Trustee shall be designated by the Trustor, if he then be living; provided, however, that such successor Trustee shall be a bank and/or trust company having its principal place of business in the City of Los Angeles, California; if the Trustor be not then living, the appointment shall be made by a court of competent jurisdiction in the County of Los Angeles, State of California, subject to the above limitation, acting upon or in response to the petition of the resigning Trustee and/or any beneficiary.

## "ARTICLE IV.

"The trusts hereunder created and declared shall be subject to the following conditions and agreements:

"(a) If any provision of this agreement shall be found invalid, such invalidity shall be without effect upon any of the other provisions hereof, and each and every valid provision and agreement hereunder shall be deemed separate and distinct from any invalid provision.

"(b) Any tax arising upon the transfer, vesting or passing of any interest in the trust estate shall be paid out of the income and/or principal of the taxable share or interest. All other taxes payable shall be paid out of income as long as there is sufficient income on hand to meet such purposes; in the event there should not be sufficient income, then in that event, said Trustee may in its discretion, pay the same from the principal, and the same shall be charged by the Trustee

to the respective interest of the beneficiary as in its discretion it deems fair and equitable.

"(c) Whenever the trust estate, or any portion thereof, shall be distributable, the Trustee shall transfer and deliver to any beneficiary entitled to receive the same, the trust estate or such portion thereof, in the form then held in the trust estate.

"(d) In all matters of interpretation, whenever necessary to give effect to any provision of this agreement, the masculine shall include the feminine and the singular shall include the plural.

"(e) This trust has been created, declared and accepted by the Trustee in the State of California, and shall be interpreted and enforced in accordance with the laws of the State.

"(f) Each and every beneficiary of the trusts hereunder created and declared, including the Trustor, shall have no right, title or authority to assign, transfer, hypothecate or otherwise anticipate, impair or encumber his or her beneficial and/or legal interest in the trust estate, and no instrument of attempted assignment, transfer or hypothecation thereof shall be effective for any purpose whatsoever, and neither the principal nor the income of the trust estate, nor any part thereof, shall be liable for the debts of any beneficiary nor be subject to attachment, execution or other process of any court.

"(g) It is agreed that the Trustee shall not be responsible for any act or omission hereunder unless same constitutes unreasonable negligence, nor shall it be required to bring or defend suit hereunder, unless indemnified to its own satisfaction.

## "ARTICLE V.

"From the gross income derived from the trust estate and/or principal, if necessary, the Trustee shall first pay and discharge, as and when due, any and all taxes, assessments, advancements and other expenses of every kind and nature expended or incurred in the management and protection of the trust estate and of this trust, but not however, the payment of any income taxes, inheritance taxes and/or estate taxes levied or assessed upon the trust estate and/or the beneficiaries hereunder or the income therefrom, and shall, after sufficient cash or other securities have been deposited in this trust so that the income therefrom shall be sufficient, also pay

to itself a compensation for its own services as Trustee, as follows:

" (a) A sum equal to one-tenth of one per cent (1/10 of 1%) of the reasonable value of any additions that may be hereafter made to the principal of this trust. Minimum fee Twenty-five Dollars ($25.00).

" (b) An annual compensation, payable quarterly, equal to one-half of one per cent ($\frac{1}{2}$ of 1%) of the reasonable value of the principal of the trust estate, for its ordinary and usual duties as said Trustee.

" (c) A sum equal to one per cent (1%) of the reasonable value of the principal of the trust estate for the termination, distribution, closing and settlement of this trust according to the terms hereof.

" (d) A reasonable compensation for any unusual, or extraordinary services rendered by it as Trustee hereunder, to be fixed by court.

## "ARTICLE VI.

"Whereas, that certain property settlement agreement hereinafter referred to between Lillita Louise Chaplin and Charles Spencer Chaplin, provides that if and in the event the said children, or either of them, should be employed, engaged, or apprenticed or hired out, then any and all earnings or compensation to which said children or either of said children shall be entitled during their respective minority, or shall receive or which shall be paid for their and each of their services, of whatever nature, kind and description, shall, during the minority of each respective child, be added to each child's respective interest in the *corpus* of the trust estate hereby created; now, therefore, said Trustee agrees that if and when it shall receive payments from or on account of any services of any nature rendered by said children, or either of them, it shall and will receive and accept the same as an addition to the *corpus* of this trust estate; provided, however, that the method adopted for handling and accounting for the earnings of each of said children added to the *corpus* of the trust estate as aforesaid, shall be such as will provide a separate accounting of such earnings and the income therefrom, to the end that each child shall receive distribution of the earnings contributed by him to the trust estate, and any and all income which may accrue therefrom;

and, provided, further, however, that if the method of accounting employed by the Trustee at the time of any such addition of earnings to the *corpus* of the trust estate shall be such as to necessitate a change of method in order to comply with the foregoing provisions of this paragraph, then, and in that event, the method of accounting as to the whole of the *corpus* of the trust estate shall be made such as to keep the contributions to the *corpus* of the trust estate by the Trustor and the children, respectively, and the respective income derived therefrom, segregated; and in the event that earnings of said children, or either of them, are contributed to the *corpus* of the trust estate, the Trustee shall notify the Trustor of that fact, and of the amount so added or contributed, in writing, and in such written notice shall designate the date of contribution and by whom paid, and to which of said children the contribution is to be credited, and such notice shall be addressed to Loyd Wright, 1125 Board of Trade Building, Los Angeles, California, until and unless the Trustor shall designate in writing some other person and/or address.

"Nothing herein contained, however, shall impose, or be deemed to impose, any liability on the Trustee for the failure, neglect or refusal of the person or persons having control of any such earnings or compensation, to add the same to the *corpus* of this trust; nor shall any income derived from such earnings or compensation of said children affect the obligation of said Trustor to contribute, during the minority of said children respectively, a sum sufficient to make a total distribution of $500.00 each month for each of said children, as hereinafter in Article VIII provided.

## "ARTICLE VII.

"The entire net income received and derived from the trust estate and available for distribution hereunder, shall be paid by said trustee to said children in monthly installments, as follows:

"(a) During the minority of each of said Charles Spencer Chaplin, Jr., and Sydney Earl Chaplin, the sum of Five Hundred Dollars per month shall be paid to each of them, as income received and derived from funds or property contributed to the *corpus* of the trust estate by the Trustor, and/or under his obligation to make contributions thereto

as hereinafter provided in Article VIII; and in addition thereto, the said Trustee shall pay to each of said children the income received and derived from his respective contribution of earnings to the *corpus* of the trust estate, if any. In this connection, said payments, as well as any and all other payments of money to be made to said children, or either of them, during their respective minority, shall be made to the duly appointed, qualified and acting guardian of the estate of each of said respective children. Any net monthly income derived from the funds or property contributed by the Trustor to the *corpus* of the trust estate, in excess of the monthly installment payment of $500.00 provided to be made to each of said children therefrom, and any deficiency in said net income to make such monthly installment payments, shall be disbursed, and/or made up, as the case may be, as hereinafter in Article VIII provided. When, and as, each of said children reach the age of majority, the portion of net income distributable and payable to them respectively hereunder, shall be paid to them directly by the said Trustee; and any earnings contributed to the trust estate by said children respectively, or either of them, if any, together with any undistributed income therefrom, shall be turned over by said Trustee to the child contributing the same.

''(b) Should both of said children live until the younger thereof shall reach the age of thirty-five (35) years, then, and in that event, and thereupon, this trust shall cease and terminate; and the then *corpus* of the trust estate, together with any undistributed income therefrom, shall be divided between and distributed to said children, share and share alike.

''(c) In the event of the death of either of said children prior to the time that the younger thereof shall have attained the age of thirty-five (35) years, then and in that event, and thereupon, this trust as to one-half of the *corpus* thereof contributed by the Trustor, and one-half of any undistributed net income, shall cease and terminate and the said *corpus* and income shall immediately vest in the then heirs at law of such deceased child, in accordance with the laws of succession of the State of California now in force and effect, to all intents and purposes the same as though the said trust had terminated by expiration of time, as provided in sub-

paragraph (b) of Article VII, hereinabove set forth, and the Trustee shall pay over, deliver, transfer and assign said *corpus* and income of said trust estate to the duly appointed, qualified and acting executor or administrator of the estate of such deceased child; provided, however, that if such death shall occur before such child shall have reached the age of majority, any additions or contributions to the *corpus* of the trust estate which may have been made by such child, together with any undistributed income which may have accrued thereon or been derived therefrom, shall also vest and be paid over, delivered, transferred and assigned as aforesaid.

"It is expressly provided that upon the death of either of said minor children of the Trustor herein, then and thereafter the Trustor herein shall be relieved from any and all obligations to pay any contribution to the income derived, or to be derived from the *corpus* of the trust estate contributed by him and so held in trust, as far as the interest of said deceased child is concerned.

"Should the younger of said children die before becoming thirty-five (35) years of age, leaving him surviving the elder of said children, then, and in that event, this trust shall terminate, as to the elder of said children, when said surviving child shall reach the age of thirty-five (35) years; or upon his earlier demise, whichever event shall first occur.

## "ARTICLE VIII.

"The Trustor declares that he is the father of Charles Spencer Chaplin, Jr., and Sydney Earl Chaplin; that he and the mother of said children, Lillita Louise Chaplin, are divorced, and that this Declaration of Trust is made pursuant to and in full compliance with that certain contract or agreement entered into between Charles Spencer Chaplin, as First Party, and Lillita Louise Chaplin, as Second Party, under date of August 19th, 1927, which agreement was approved by Hon. Walter Guerin, Judge of the Superior Court of Los Angeles County, California, under date of August 22nd, 1927, in that certain divorce proceeding then pending between the parties, entitled *Lillita Louise Chaplin, Plaintiff,* v. *Charles Spencer Chaplin, Defendant,* No. D–52298, of the Superior Court of the State of California, in and for the County of Los Angeles.

## "ARTICLE IX.

"The Trustee shall pay from the net income of said trust estate, Five Hundred Dollars ($500.00) to each of said children for each calendar month during the minority of each of said children, as provided in sub-paragraph (a) of Article VII of this Declaration of Trust; provided, however, that if the cash on hand in the income account is insufficient in any calendar month to pay each of said children said $500.00, the Trustor will, upon demand of the Trustee, pay to the Trustee to be disbursed to the guardian of each of said children, as hereinbefore provided, sufficient funds so that each of said children shall receive $500.00 for each calendar month. The surplus net income for each calendar month from the trust estate over and above $500.00 for each of said children, if any, shall be carried over in said income account to make the following monthly payments during that fiscal year. At the end of each fiscal year as hereinafter defined, the Trustee shall repay to the Trustor from the cash on hand in said income account, if any, such sum as remains in said income account not to exceed the aggregate amounts advanced by the Trustor to the Trustee to assure the payment on behalf of each of said children of $500.00 for each calendar month during each fiscal year, (as hereinbefore in this paragraph provided). The surplus remaining, if any, after the foregoing deductions, shall be paid to the guardian of said children, as herein provided for, all payments to be made to said children. It is expressly provided, however, that if at the end of any fiscal year, there is not sufficient cash in the income account to pay to the Trustor any moneys that he may have, during said fiscal year, advanced to the Trustee as in this paragraph provided, then the Trustor shall and does hereby waive the payment to him of the difference between the cash in the income account paid to him, if any, and the total of the advances made by him during said fiscal year. In this connection, the first fiscal year, as used and referred to in this Declaration of Trust, shall be deemed to have commenced as of September 1st, 1932, and each successive September 1st of each successive year thereafter, during the life of this Declaration of Trust.

"It is expressly provided that all obligation of the Trustor herein to guarantee the payment of or to contribute to the net

income payable or distributable to said minor children and each thereof, shall cease and determine, as to each of said minor children, when such minor child shall have attained the age of majority. For example, when the older of said children shall have attained his majority, the obligation of the Trustor herein to guarantee the payment or contribute to the net income payable or distributable to said child, shall thereupon cease and determine, and when the younger of said children shall have attained his majority the obligation of the Trustor to guarantee payment of or contribute to the net income payable or distributable to said child, shall likewise cease and determine, and in the event of the death of either or both of said minor children prior to the time he or they shall have attained his or their majority, the obligation of the Trustor to guarantee the payment of or contribute to the net income otherwise payable to such deceased child, if he had lived, shall thereupon cease and determine.

## "ARTICLE X.

"The Trustor reserves the right to add to the *corpus* of the trust estate from time to time as he may elect, without incurring any obligation to do so. While this trust is an irrevocable trust the right is also hereby reserved unto Trustor to amend this Declaration of Trust from time to time, by writing duly signed and acknowledged by him, when filed with the Trustee and approved in writing by the guardian of the estate of said children during the minority of said children, and after either or both of said children may have attained majority, with their consent; provided and conditioned, however, that any amendment hereto during the minority of any such child, shall be subject to the approval and ratification of a court having jurisdiction of the guardianship estate or estates of such child or children.

## "ARTICLE XI.

"It is expressly understood that this Declaration of Trust is executed, and the Trust Fund and Estate created by the Trustor is created, in pursuance of and as being agreeable to the terms of the aforesaid property settlement agreement of August 19th, 1927, and in full reliance upon the express provisions contained in said agreement, and in the belief and with the intent that the spirit of said agreement and all of

its terms, conditions and provisions shall and will at all times be fairly and faithfully carried out by both parties thereto and hereto.

## "ARTICLE XII.

"The undertaking and obligations of the Trustor herein, whereby an income for each of said minor children of not less than $500.00 per month during their minority is guaranteed from the trust estate hereby created, shall be, and it hereby is, made binding upon the heirs, administrators, executors, successors and assigns of the said Trustor.

## "ARTICLE XIII.

"Notwithstanding anything herein to the contrary, this trust shall terminate upon the death of the last survivor of the Trustor, Charles Spencer Chaplin, and the beneficiaries herein, Charles Spencer Chaplin, Jr., and Sydney Earl Chaplin, all of whom are now living, and the trust estate and the property thereof shall thereupon be distributed as hereinbefore provided.

"IN WITNESS WHEREOF, said Citizens National Trust & Savings Bank of Los Angeles, as Trustee, has caused its corporate name to be subscribed and its corporate seal to be affixed hereunto by its Vice-President and Assistant Trust Officer thereunto duly authorized, as of the 1st day of September, 1932, at Los Angeles, California.

"CITIZENS NATIONAL TRUST & SAVINGS
. BANK OF LOS ANGELES, as

"TRUSTEE,

"By ...................................
"Vice President,

"And ...................................
"Assistant Trust Officer.
"CHARLES SPENCER CHAPLIN,
"TRUSTOR,

...................................

"I, THE UNDERSIGNED, CHARLES SPENCER CHAPLIN, do hereby certify that I am the person named in the above and foregoing Declaration of Trust and therein called Trustor; that I fully understand that this Declaration of Trust is irrevocable; that said Declaration of Trust fully and accurately sets out the terms and trusts under and upon

which the property therein mentioned is to be held, managed and disposed of by the Trustee therein named, and I do hereby agree, consent to, approve, ratify and confirm the same in all particulars.

"Dated: At Los Angeles, California, this .... day of ........, 1935.

..................
Trustor.

"I, THE UNDERSIGNED, LILLITA LOUISE CHAPLIN, do hereby certify that I am the person named and referred to in Article VIII of the aforesaid Declaration of Trust, and I am the mother of Charles Spencer Chaplin, Jr. and Sydney Earl Chaplin, beneficiaries named in the aforesaid Declaration of Trust; that I have carefully read the aforesaid Declaration of Trust and the same is hereby approved by me as being in full compliance with the terms and conditions of that certain Property Settlement between myself and Charles Spencer Chaplin, referred to in Article VIII of said Declaration of Trust.

"Dated ....................., 1935.

..............................
"Lillita Louise Chaplin."

As so modified the judgment from which this appeal has been prosecuted is affirmed. Respondent to recover her costs of appeal.

Barnard, P. J., and Marks, J., concurred.