[Civ. No. 12033.   First Dist., Div. One.   Oct. 6, 1942.]

MINNIE D. TALCOTT, Respondent, v. VERONICA TALCOTT, Appellant.

Leon U. Everhart for Appellant.

McEachern & Ritchie for Respondent.

KNIGHT, J.—This appeal involves the question of the power of the plaintiff and respondent, derived from the terms of a written agreement and a final decree of distribution, to sell the property distributed to her by said decree.

The decedent, Charles M. Talcott, died testate on March 7, 1935. He was survived by a widow, Minnie D. Talcott, the plaintiff and respondent, and two married sons, Vaughan and Thaddeus Talcott. After making several specific bequests, the testator bequeathed his estate to the First Trust and Savings Bank of Pasadena in trust with directions to pay the net income therefrom to his widow during her lifetime, and upon her death to divide and pay over the estate in equal shares, to the two sons; and the bank as such trustee was given full

power and authority to hold, use, manage, sell, invest and reinvest the property of the estate. The bank declined to serve as trustee, whereupon the widow and her two sons entered into a written agreement authorizing and requesting the court to distribute the estate as provided therein. The agreement was dated December 1, 1935. It was signed by the widow as party of the first part, and by the two sons "as second party"; and the agreement provided in part as follows: "First: That the whole of the said estate be distributed to first party as the surviving widow of the said decedent for the period of her lifetime. First party shall be vested with the same power over and control of said estate as is given to the trustee named in said will and shall have the right to all of the benefits from said estate, both as to principal and income, including the One Thousand ($1,000.00) Dollar bequest, payment of which prior to distribution was waived by first party as she would have received or been entitled to as beneficiary of the trust set forth in said will. First party shall have the right to sell, assign, exchange, transfer, encumber or hypothecate said estate or any portion thereof in her own name with the consent of the second party, and in connection therewith the signature of first party shall convey full and complete title and ownership thereto to any purchaser, grantee, transferee or assignee. . . ." The agreement then provided that upon the death of the widow the estate should be divided between the two sons in the manner therein specified. The decree of final distribution was entered on January 22, 1936, and admittedly it was based upon the agreement of the parties. It distributed the estate as follows: "To Minnie D. Talcott for the period of her lifetime with power to receive and use the entire income therefrom, together with a sum not to exceed Two Thousand ($2,000.00) Dollars per annum from the principal of the said estate, and further with the power to sell, assign, exchange, transfer, encumber or hypothecate said estate or any portion thereof with the consent of Vaughan H. Talcott and Thaddeus M. Talcott." The decree then went on to provide that upon the death of the widow the remainder of the estate should be divided between the sons in the manner there stated.

On March 25, 1940, Thaddeus M. Talcott, one of the sons, died testate, leaving his wife, Veronica Talcott, the appellant herein, as his sole legatee and devisee. After the death of Thaddeus the mother, Minnie D. Talcott, had an opportunity

to sell two lots belonging to the estate. Vaughan, the surviving son, consented to the sale, but Thaddeus died without having given consent to the sale of any portion of the estate. Thereupon the mother brought the present suit for the purpose of having it judicially determined that she was vested with power to make the sale with the consent of the surviving son, or if he should predecease her, without the consent of either son. She joined as parties defendant Vaughan and his wife, and Veronica Talcott, the widow of Thaddeus. Vaughan and his wife defaulted, but Veronica Talcott opposed the relief sought. The trial court entered judgment that ''Notwithstanding the death of Thaddeus M. Talcott, the said power to sell, convey and/or transfer is still vested in Minnie D. Talcott provided Vaughan H. Talcott consents to such sale. That said Minnie D. Talcott, with the consent of Vaughan H. Talcott, is now empowered to sell, convey and/or transfer said real property.'' From said judgment Veronica Talcott has appealed. It is our conclusion that the trial court was correct in so holding.

Section 860 of the Civil Code provides: ''Where a power is vested in several persons, all must unite in its execution; but, in case any one or more of them is dead, the power may be executed by the survivor or survivors, unless otherwise prescribed by the terms of the power.'' Here a power of consent was vested in the two sons by the agreement and the decree. One of the sons died, and admittedly there is nothing in the terms of the agreement or the decree from which the power of consent was derived indicating that upon the death of one of the consentors the power thus given could not be executed by the survivor. Appellant argues that said section does not include a power of consent; that it applies only to the power to alienate or transfer. But the section is not so limited, expressly or by implication. In broad terms it reads ''Where *a* power . . .'' (italics ours), which doubtless means any power, including the power to consent as well as the power to alienate or transfer. Appellant further contends that in any event said code section is not here controlling; that the rule of the common law must govern; and that the common-law rule is that where a power of sale is to be executed with the consent of third persons, the death of one of the consentors before consent is given completely nullifies the power of sale, citing *Barber* v. *Cary*, 11 N. Y. 397. But the common-law rule to which reference is made in that case is not deemed to be absolute, for many cases are to be found which hold that where

from the terms of the will and the circumstances of the parties it may be gathered that it was the intent of the testator to continue the power, rendering possible of performance the terms and conditions of the will, the death of one or more of those whose consent was required did not terminate the power of sale. (See *Sohier* v. *Williams*, 22 Fed. Cas. No. 13,159; *Leeds* v. *Wakefield*, 76 Mass. 514; *Phillips* v. *Davies*, 92 N. Y. 199; *Odell* v. *Youngs*, 64 How. Pr. [N. Y.] 56; *Wells* v. *Brooklyn U. El. R. Co.*, 121 App. Div. 910 [106 N. Y. Supp. 79]; *Hackett* v. *Milnor*, 156 Pa. 1 [26 Atl. 738].) The case of *Barber* v. *Cary, supra,* holds that its statute comparable to section 860 did not include the power to grant consent, because there were a series of statutes in that state drawing a distinction between the power to execute and the power to consent. No such distinction exists in this state. For that reason section 860 must be held to be all-inclusive, and specifically to include the power to consent as well as the power to execute. Moreover, from an analysis of the decision in *Barber* v. *Cary, supra,* it would appear that it was not based upon the common-law rule therein referred to, but upon a statute in force in that state which required the consent of the persons whose consent was required to be "expressed in the instrument by which the power is executed, or . . . certified in writing thereon"; and in that case there was no compliance with the terms of the statute by either of the two consentors. One had died, and the consent of the other was oral and not expressed in or endorsed on the instrument as required by the statute.

Irrespective, however, of whatever may be the common-law rule, it has been superseded in this state by section 860 of the Civil Code.

█ Appellant also contends that there was no ambiguity or uncertainty in the decree of distribution and therefore the court had no jurisdiction to determine the present proceeding or to construe said decree. However, this action is in the nature of a suit for declaratory relief, and section 1060 of the Code of Civil Procedure provides: "Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, including a determination of any

question of construction or validity arising under such instrument or contract. . . ." Here there was obviously an actual controversy between plaintiff and her son's widow as to whether plaintiff could sell certain property without the consent of both sons; and therefore it would seem that under the declaratory relief provisions of the code above quoted plaintiff was entitled to have the court hear the matter and determine her rights under the decree of distribution.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.