[Civ. No. 22572. Fourth Dist., Div. One. Nov. 16, 1981.]

CARL SANDLER, Plaintiff and Appellant, v.
ROBERT CASALE et al., Defendants and Respondents.

COUNSEL

William C. Cameron, Jr., for Plaintiff and Appellant.

Marsh, Graves, Fischbeck & Welch and Edward E. Marsh, Jr., for Defendants and Respondents.

OPINION

WORK, J.—Carl Sandler appeals a judgment granting Robert and Linda Casales' and Imperial Savings and Loan Associations' (Imperial), motions for judgment on the pleadings in a declaratory relief action regarding his financial responsibility for third party labor and material claims arising from a residential construction project owned by the Casales. Specifically, the court was asked to interpret the disputed effect of an earlier arbitration award between the parties. We conclude Sandler is entitled to declaratory adjudication and reverse the judgment.

*Factual and Procedural Background*[1]

In May 1977, Sandler, as a general building contractor, contracted to build a residence in El Cajon, California for the Casales. Before completing the project, a dispute between the parties caused him to abandon the project and file an action against the Casales to foreclose his mechanic's lien. By stipulation, the matter was submitted to arbitration. The arbitrator's award directed Sandler to pay Casales $9,075 and the costs of arbitration. The award further provided: "This award is in

---

[1]In light of the procedural posture of this case, we accept as true the allegations within Sandler's complaint for declaratory relief. (*Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710, 714, fn. 3 [117 Cal.Rptr. 241, 527 P.2d 865]; *Wright* v. *Department of Benefit Payments* (1979) 90 Cal.App.3d 446, 447 [153 Cal.Rptr. 474].)

full settlement of all claims and counter claims submitted by either party against the other in this arbitration."

Sandler neither appealed the award nor applied for any correction or modification of it within the prescribed statutory times. Casales' petition to confirm the award, was granted. Sandler did not appeal.

Later, Sandler's counsel asked the arbitrator for directions regarding the use and disbursal of $16,870 remaining on deposit at Imperial and clarification of the award. By letter, the arbitrator advised the funds on deposit belonged to Casales under the original loan agreement; he was responsible to pay the outstanding bills of the unpaid labor and material suppliers; by payment of $9,075 to the Casales "Sandler had fully satisfied and settled all claims arising from the construction of the residence including those claims he may have incurred with subcontractors, suppliers, or material men"; and, if he were to hold supplemental proceedings, then he would direct Sandler to pay the $9,075 by delivery of joint checks made payable to the outstanding suppliers and the Casales for the amount of all acknowledged outstanding debts and then deliver his check made payable to the Casales for any remaining net balance.

On August 8, 1979, Sandler filed his declaratory relief complaint against the Casales and Imperial, seeking a judicial determination of his rights and duties and declaration as to whether the arbitration award reflected the intent the unpaid labor and materialmen (16 in number with claims totalling $13,460.51) would be paid from the award and the undisbursed construction loan proceeds; the imposition of a trust upon the undisbursed funds for the benefit of the third party claimants; and that these funds be paid over to the unpaid laborers and materialmen in exchange for individual execution of releases. Sandler alleged the existence of a dispute in that the Casales contend the loan proceeds are their funds *not subject to the claims of any third party labor or materialmen* and that these third parties should look solely to Sandler for payment due to their privity of contract, as such was the intent of the arbitrator's award. On January 25, 1980, the trial court granted the Casales' motion for judgment on the pleadings concluding the relief sought constituted a substantial correction or modification of the arbitrator's award, not simply a clarification. In essence, the court reasoned if it construed the award in the manner asserted by Sandler, then the Casales may very well have sought relief from that award as

reinterpreted, however, now they would be precluded from such an opportunity. Further, the court reasoned it would be improper for it to so rule, because a general order directing the Casales to pay the subcontractors would include those situations where a subcontractor may have a claim against Sandler which he does not have against the Casales, arising from a contract with the former and not the latter. In addition, the court noted, since the issues involved were contemplated by the parties, and thus before the arbitrator whose award was confirmed and became final without an attempt to modify, correct, or vacate, it would be establishing a precedent contrary to public policy and productive of a multiplicity of lawsuits if it permitted Sandler to pursue his declaratory relief action. Accordingly, the court concluded there existed no controversy since the arbitration proceedings and award had become final. Finally, the court noted there existed no guarantee that through this action any third party litigation would be avoided.

## Discussion

Sandler correctly contends his complaint alleges facts sufficient to state a cause of action for declaratory relief.

The purpose underlying declaratory relief is "to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation." (*People* v. *Hy-Lond Enterprises, Inc.* (1979) 93 Cal.App.3d 734, 750 [155 Cal.Rptr. 880]; *City of Tiburon* v. *Northwestern Pac. R.R. Co.* (1970) 4 Cal.App.3d 160, 173 [84 Cal.Rptr. 469].) In light of the equitable nature of this relief, a complaint challenged for sufficiency shall be liberally construed. (*Id.*, at p. 170.) Generally, a complaint seeking declaratory relief is sufficient if it sets forth facts establishing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that such rights and duties be adjudged. "If these requirements are met, the court must declare the rights of the parties [regardless of] whether . . . the facts alleged establish that the plaintiff is entitled to a favorable declaration." (*Bennett* v. *Hibernia Bank* (1956) 47 Cal.2d 540, 549-550 [305 P.2d 20]; *City of Tiburon* v. *Northwestern Pac. R.R. Co., supra*, 4 Cal.App.3d 160, 170; Code Civ. Proc., § 1060;[2] 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 705 et seq.) A trial court's failure to so act and assume jurisdiction under circumstances establishing the appro-

---

[2]All references are to the Code of Civil Procedure unless otherwise specified.

priateness of declaratory adjudication mandates reversal on appeal. (*City of Tiburon* v. *Northwestern Pac. R.R. Co., supra,* 4 Cal.App.3d 160, 173.)

■ Sandler's complaint alleges an actual controversy exists in that he contends the undisbursed funds should be paid over to the 16 unpaid laborers and materialmen whose total claims in excess of $13,000 pre-date the arbitration award, while the Casales assert their loan proceeds are not subject to these third-party claims and the award intended these third parties should look solely to Sandler. Clearly, the dispute between the parties arises from the conflicting interpretations they attach to the arbitration award.

Indeed, it is a matter of pure speculation and surmise as to what the ramifications of declaratory relief shall be within this. Consequently, we cannot declare such relief will necessarily avoid a multiplicity of law suits. However, if Sandler prevails and obtains the relief prayed, then the declaratory judgment may serve as a catalyst toward resolving this matter by influencing the Casales to pay or let Imperial pay the sub-contractors, or cause Imperial to place pressure upon the Casales to meet the third-party obligations. On the other hand, if the potential of third party litigation against Sandler becomes a reality, then the declaratory judgment will serve as res judicata as to general liability between the parties in Sandler's inevitable cross-complaints for indemnity against the Casales and Imperial.

Contrary to the trial court's ruling, Sandler seeks, and upon a persuasive evidentiary showing is entitled to, a declaration that the award settled all claims between the parties arising from their contractual relationship and the Casales are responsible for all outstanding debts arising from the furnishing of labor and/or materials dictated by the specifications and plans of the originally amended contract or settled upon by the arbitration award. Such a ruling would not improperly encompass third-party claims against Sandler attributable to his independent conduct or arising from contracts with third-party claimants which conflict with the plans and specifications of the amended Casales' contract or belatedly agreed upon through arbitration. Accordingly, "[s]ince the complaint is legally sufficient and sets forth facts and circumstances showing that a declaratory adjudication is appropriate, it was error for the trial court to enter a judgment for defendants on the

pleadings." (*Chas. L. Harney, Inc.* v. *Contractors' Bd.* (1952) 39 Cal.2d 561, 565 [247 P.2d 913].)

However, the Casales urge the trial court's decision was correct because it had no jurisdiction to consider the allegations of the declaratory relief action once the arbitration award became final and, in light of this finality, there exists no further actual controversy between the parties. Thus, they assert Sandler is attempting to collaterally attack the arbitration award after failing to directly challenge it.

■ Granted, "an arbitration award is conclusive on matters of fact and law" (*Trollope* v. *Jeffries* (1976) 55 Cal.App.3d 816, 823 [128 Cal.Rptr. 115]; 6 Cal.Jur.3d, Arbitration and Award, § 41, p. 72) and when confirmed, it achieves "the status of a judgment having the same force as [a] judgment in a civil action so as to render it enforceable like any other judgment of the court in which it is entered." (*Trollope* v. *Jeffries, supra,* 55 Cal.App.3d 816, 823; § 1287.4.) As such, it "is not subject to collateral attack except for grounds that would be available to attack any other civil judgment." (*Klubnikin* v. *California Fair Plan Assn.* (1978) 84 Cal.App.3d 393, 398 [148 Cal.Rptr. 563].)

■ However, the binding res judicata effect of the confirmed award here does not bar the relief sought by Sandler. Unlike *Klubnikin,* Sandler's remedy is not provided for within the procedural scheme set forth in section 1284 et seq. pertaining to vacation or correction of the award. (*Ibid.*) He seeks clarification, not modification, and consequently is not collaterally challenging the award. A cursory review of the cited "well delineated statutory scheme" reveals the noticeable absence of any procedure or basis for clarifying the issue presented by Sandler's complaint for declaratory relief. (See generally *DeMello* v. *Souza* (1973) 36 Cal.App.3d 79, 83 [111 Cal.Rptr. 274].) Therefore, under the circumstances here "where a declaratory judgment is sought not to challenge the validity or to seek a modification of a prior judgment, but merely to interpret the judgment and determine its effect on the rights and duties of the parties, ... such relief is proper." (26 Cal.Jur.3d, Declaratory Relief, § 19, p. 41; see *Sullivan* v. *San Francisco Art Assn.* (1950) 101 Cal.App.2d 449 [225 P.2d 993]; *Talcott* v. *Talcott* (1942) 54 Cal.App.2d 743 [129 P.2d 946]; *Chaplin* v. *Chaplin* (1935) 9 Cal. App.2d 182 [49 P.2d 296]; see also, *Klinker* v. *Klinker* (1955) 132

Cal.App.2d 687 [283 P.2d 83]; cf. *Goldkette* v. *Daniel* (1945) 70 Cal. App.2d 96 [160 P.2d 145].)

The judgment is reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.