## THOMAS HOPE *v.* D. W. AP JONES.

Co-Executors—Relation to Each Other. — The partnership relation does not exist between co-executors, and they have no joint interest in the commissions allowed by law for their services in administering upon the estate.

Id.—Commissions of. — The share of the commissions to which co-executors are

respectively entitled is not ascertained by any established rule of law, but upon the principles of equity.

ID.—SEPARATE ACCOUNT. — Each co-executor may keep a separate account, and present the same for final settlement, and each is chargeable with the full amount of assets that have come into his hands, and is entitled to be credited with all disbursements legally made by him on behalf of the estate; and the Probate Court should fix the compensation of each in proportion to the service rendered.

EXECUTOR WHO DOES NOT ACT.—A co-executor who takes no care or charge upon himself touching the estate or any part thereof, collects no debts, makes no disbursements, and thus renders no service whatever, is not entitled to any share in the commissions.

SUIT FOR COMMISSIONS OF EXECUTOR.—The District Court has no jurisdiction over the allowance or apportionment of the commissions of executors and administrators.

APPEAL from the District Court, Second Judicial District, Santa Barbara County.

On the 12th day of December, 1860, one H. C. Peters died, leaving an estate, mostly in Santa Barbara County, of which, at the time of his death, he was a resident, and also leaving a will, in which the plaintiff and the defendant were named as joint executors.

On the 6th day of February, 1861, the will was admitted to probate in the Probate Court of Santa Barbara County, and the executors qualified soon after, and entered upon the discharge of the duties of their trust. On the 2d day of January, 1862, the defendant, D. W. Ap Jones, filed in the Probate Court his final account, and notice of the time and place of settling the account was duly given. On the 30th day of January, 1862, the Probate Court settled the account, and allowed the defendant the sum of $674 42 for commissions as executor, and the sum of $337 21, for extraordinary services, which it seems the defendant retained out of funds that came into his hands from the estate.

No one objected to defendant's account in the Probate Court, nor was the plaintiff's name mentioned, either in the petition or decree.

The plaintiff did not file any account in the Probate Court, nor did he appear in the Probate Court and claim any allowance for commissions or services in the settlement of the estate.

After the settlement of the estate, the plaintiff demanded of defendant one half of the allowance made in the Probate Court for commissions and services, and upon his refusal to pay, commenced an action in the District Court to recover the same. The Court below gave judgment against defendant, from which he appealed.

*Charles E. Huse,* for Appellant.

The decree of the Probate Court, allowing the final account of the executor, Jones, was a judgment of a competent Court, having jurisdiction of the subject matter and of the parties, and could only be attacked in a direct proceeding by appeal or writ of error, and could not be attacked collaterally. (*Wesson* v. *Chamberlain,* 3 Comstock, 331 ; Cowen & Hill's Notes to Phillips' Evidence, part 2, page 946 ; *Austin* v. *Lamar,* 23 Mis. 189 ; *State* v. *Roland,* 23 Mo. 95 ; *Whittlesey* v. *Dorset,* 23 Mo. 236 ; *Jones* v. *Brinker,* 20 Mo. 87 ; *Smith* v. *Hurd,* 7 How. Mis. 188 ; *Caldwell* v. *Lockridge,* 9 Mis. 362 ; *Jacobs* v. *Pow,* 18 Geo. 346 ; *Singleton* v. *Garrett,* 23 Mis. 195.)

Even in a direct proceeding, a Court of Chancery does not compel a new settlement. It only sets aside the settlement, and leaves the parties to make a new settlement in the Probate Court. (*Jamison* v. *Hapgood,* 7 Pick. 1 ; *Saunders* v. *Scott,* 14 S. & M. 94.)

The apportionment of commissions among executors is a matter within the discretion of the Probate Court. Such apportionment could not be re-examined in the District Court. (*Stephenson* v. *Phillips,* 1 New Jersey, 70.)

Each of several co-executors has a right to settle a separate account of his administration ; each charging himself with what he receives, etc. (Patterson's Estate, 1 Watts & Serg. 271 ; Davis' Appeal, 23 Penn. 206.)

Commissions are to be divided among executors according to the services rendered by them ; and in the absence of other proof, the amount which each is to receive is to be determined by the amount stated in the decree to have been received and

paid by them respectively. (*White* v. *Bullock*, 20 Barb. N. Y. 91.)

When an executor has done nothing, and has borne no responsibility, he should not share in the commissions. (Same case; *Kenan* v. *Hall*, 8 Geo. 417; *Hall* v. *Wilson*, 14 Ala. 295; *Fall* v. *Simmons*, 6 Geo. 265.)

*Eugene Lies* for Respondent.

We attack no part of the decree of the Probate Court. The question of compensation was adjudicated, but not the proportional share of each executor. The act of one executor in obtaining compensation is the act of both. (Probate Prac. Act, §49; see §47, Act of 1857.) Co-executors are one person. (Williams Ex. 201.) Probate by one inures to the benefit of all. (Ib. 313.)

The case of *Stephenson* v. *Phillips* is not in point. There, the question of proportional share of commissions was directly adjudicated in the Court of Orphans. (1 N. J. 70.) Co-executors are jointly liable. (*Lees* v. *Sanderson*, 4 Sim. 28; Lomax on Executors, 2, 491.)

Their bond is joint and several. (Probate Act, §73.) Appellant cannot claim that he alone administered. He had no right to do so. (Probate Act, §49.)

The decree of Probate Court only adjudicates one thing— that is, the amount of compensation. (Williams Ex. 201.)

By the Court, SANDERSON, C. J.

The partnership relation does not exist between co-executors, and they have no joint interest in the commissions allowed by law for their services in administering upon the estate. They are not each entitled to an equal share merely upon the naked ground of their relation to each other. The share to which they are respectively entitled is to be determined on entirely different considerations. In other words, their respective portions are not ascertained by any established rule of law, but upon the principles of equity. The

ratio of compensation and of service must be the same, or as nearly so as the circumstances of the case will permit.   Each is chargeable with the full amount of the assets which may come into his hands, and is entitled to be credited with all disbursements legally made on behalf of the estate.   Each may keep a separate account, and present the same for final settlement.    They are only entitled to share and share alike where their liabilities and services have been equal.   One who takes no care or charge upon himself touching the estate or any part thereof, collects no debts, makes no disbursements, and thus renders no service whatever, is not entitled to any share in the commissions.

The respondent seems to have rendered some service, and doubtless was entitled to some portion of the commissions, but he has sought his relief in the wrong forum.   He should have applied to the Probate Court.   If, as he contends, the allowance made to the appellant inures to his benefit, and the decree of the Probate Court does not assume to pass upon the question of apportionment, but only determines the amount of the allowance, it follows that the question of apportionment was still open, and he might and should have applied to that Court for a further and supplemental decree, designating and assigning to each his proper share.   Then, upon the refusal of the appellant—the money being in his hands—to pay over his portion, he might have maintained this action.

The District Court has no jurisdiction over the allowance or apportionment of the commissions of executors and administrators, and if it can `interfere at all with the decree of the Probate Court, it can only do so as a Court of Chancery, and can go no further than to set aside the decree on the ground of *fraud*, or other like ground of equitable interference, and leave the parties to make another settlement in the Probate Court.   (*Searles et al.* v. *Scott, Administrator*, etc., 14 S. & M. 94.)   And it is doubtful whether it could interfere, even in such a case, unless all opportunity to move in the Probate Court to open the account, or appeal from the decree, has been lost.   Until this has happened, it would seem the power

of the Probate Court and the right of appeal are adequate to the relief sought.

Under the view we have taken of this case, it becomes unnecessary to pass directly upon the question as to whether the decree of the Probate Court awarding all of the commissions to the appellant was a bar to this action.

There may be some doubt as to whether the respondent was a party to that decree or not. The appellant filed, as he had a right to do, a separate account, in which the existence of a co-executor was entirely ignored. The respondent did not appear, and, consequently, took no part in the proceedings, and it is possible that he is not included among the persons described in the 237th section of the Probate Act, against whom the settlement and allowance of the account is there declared to be conclusive. It is sufficient to say that the whole subject matter belongs to the jurisdiction of the Probate Court, and the Court below ought to have dismissed the case upon that ground.

The judgment is reversed, and the Court below directed to dismiss the action.