[L. A. No. 7645. In Bank.—July 28, 1924.]

FREDERICK ERNSTING et al., Appellants, v. THE
UNITED STAGES (a Dissolved Corporation), et al.,
Respondents.

[1] INJUNCTION — THREATENED SALE OF FRANCHISE — SUFFICIENCY OF
COMPLAINT.—In this action to enjoin a sale of the franchise to
operate autostages, to prevent execution of a lease, to reform a
lease, to quiet title to franchises and for an accounting, it is
held that the complaint sufficiently alleged matters of a sub-
stantial character to permit going to trial.

(1) 32 C. J., p. 319, sec. 530.

APPEAL from a judgment of the Superior Court of Im-
perial County. Marvin W. Conklin, Judge. Reversed.

The facts are stated in the opinion of the court.

Robert G. Hill for Appellants.

S. W. Thompson for Respondents.

SEAWELL, J.—Appeal from a judgment dismissing ac-
tion after demurrer sustained to the fourth amended com-
plaint without leave to amend. The complaint contains two
counts.

The action was brought to enjoin a sale threatened to be
made by defendant Thomas Morgan of a franchise con-
ferring the right to operate autostages over a described sec-
tion of certain public highways of Imperial, San Diego, Los
Angeles, and Santa Barbara Counties and to prevent the
leasing of another section, both of which, it is claimed, are
parts of a general system owned by plaintiffs; also to reform
a lease of said franchise made between certain party liti-
gants and to quiet title to said franchises, for an accounting
and general relief.

The demurrer was general. The amended complaint is
nebulous and had it been demurred to on any one of the
special grounds named in subdivisions 7, 8, and 9 of section
430 of the Code of Civil Procedure, such a demurrer could
have been properly sustained. We have given much time

to an examination of the pleadings with the view of determining whether it is sufficient as against a general demurrer. It is quite voluminous and contains much irrelevant and immaterial matter which has contributed to a confusion of the issues. This matter was permitted to remain without objection. No brief has been presented on behalf of respondents.

It seems to be the theory of appellants, and, perhaps, the complaint contains allegations sufficiently direct and positive to support it, that appellants, after the adoption of the Auto Stage and Transportation Act (approved May, 1917, c. 213, p. 330, Stats. 1917), which placed with the Railroad Commission the supervision and regulation of autostage transportation, appointed Thomas Morgan their attorney in fact and representative to appear before the commission in their behalf in the matter of fixing rates, fares, charges, classifications, rules and regulations, and to represent them in all matters necessary to be done by said act. It is alleged that each of the appellants, including the "United Stages," was actually operating in good faith a transportation business over and upon certain of the routes in contest on May 1, 1917, and, therefore, as in said act provided, were licensees under the act, and were not required to obtain from the commission a certificate of public convenience and necessity. It is also alleged that appellants, long prior to May 1, 1917, were associated in operating an autostage transportation business in the name of the "United Stages" and as such had earned, through the operation of said autostages by its members and by the association as such, permits and licenses to do so. Further, that said Morgan was appointed the attorney in fact of appellants and authorized and empowered to make application to the Railroad Commission for appellants in the name of "United Stages" to be placed under the supervision and regulation of said commission in the conduct of its business by authority of the license and privilege which it had theretofore earned, but that said Morgan, in violation of his duty and trust, made said application in the name of the "United Stages Inc.," a corporation of his own creation and in which the appellants had no interest whatsoever and that all of the rights, privileges, and prerogatives to which said "United Stages" was entitled were, by the fraud and deceit of said Morgan, ob-

tained for and on behalf of said "United Stages Inc.," and have since been used, exercised, and enjoyed by said corporation to the exclusion of appellants, and that all the property rights which they rightfully owned in the way of franchises, permits, and privileges were made use of wrongfully to influence the commission to transfer them to the use and benefits of said corporation and to deprive the appellants thereof. In short, appellants are seeking by an equitable action to impress the property of said corporation with a trust to the extent of the value of the rights which they claim have been diverted by reason of the alleged fraudulent transaction.

[1] While we recognized the infirmities of the pleading, we are of the opinion that appellants have sufficiently alleged matters of a substantial character to permit them to go to trial. We do not wish to be understood by our ruling as holding that this court will review the orders or judgments of the commission in matters that clearly fall within the jurisdiction of that body. In such cases its judgments are final and conclusive.

The judgment is reversed.

Lawlor, J., Lennon, J., Richards, J., Waste, J., and Myers, C. J., concurred.