[L. A. No. 8983.  In Bank.—March 26, 1929.]

FREDERICK ERNSTING et al., Appellants, v. THE
UNITED STAGES, INC., et al., Respondents.

Robert G. Hill for Appellants.

MacDonald & Thompson, H. W. Kidd and Gerald F. H.
Delamer for Respondents.

PRESTON, J.—The judgment in this case is affirmed.
This results from our firm belief that the plea of *res judi-*

*cata* interposed by the defendants must be sustained. The basis for this conclusion will now be briefly set forth:

This is a second appeal. On the former hearing the efficacy of the fourth amended complaint against general demurrer was under review and it was held that a cause of action against such an attack was stated (*Ernsting et al.* v. *United Stages, Inc.*, 194 Cal. 171 [228 Pac. 4]). Litigation of various types has engaged the opposing parties hereto for several years. The present action was instituted on the third day of June, 1920. Rival claims to the ownership of and the right to operate under autostage franchises along certain public highways in Imperial and San Diego Counties constitute the subject of the litigation. To be more specific, the actual issue between the respective parties was originally this: Which set of them was in good faith on May 1, 1917, operating autostages over these routes to such an extent and in such a manner as to exempt them from the requirement of a certificate of public convenience and necessity under the "Auto Stage and Truck Transportation Act" (Stats. 1917, chap. 213, p. 330)?

The claim of appellants here is that defendant Thomas Morgan, while acting as their agent, did in fact act in violation of his trust and in the interest of himself and the other defendants in securing from the Railroad Commission of the state of California operative rights for said franchises; that what he did as such agent, instead of redounding to the benefit of defendants, should be held to have been done for the interest and benefit of appellants. An extended review of the facts set forth in the complaint is unnecessary as such review was had in the former action, to which reference is hereby made. The record shows that the claim of priority to these franchises was the subject of a special inquiry by the railroad commission of the state of California, which said body on the first day of June, 1923, made its findings and order enjoining and restraining appellants from further operating stages along and upon any of said highways and holding that any rights that the appellants might have had respecting said franchises had been abandoned prior to the said first day of May, 1917. The commission took occasion, however, to say that the claim of appellants to any portion of the value of the business should be administered in the civil courts.

A review of this order was sought in this court by appellants and with the result that it was in all respects sustained. Notwithstanding this ruling, certain of the appellants here resumed the operation of autostages on certain of the highways and between certain termini to which they had been forbidden by the said order of the Railroad Commission, whereupon the United Stages, Inc., a corporation (respondent here), filed, pending the first appeal in the present action, a complaint against appellants here, being cause No. 8597, in the county of Imperial. In said action United Stages, Inc., set up the priority of its claim to said autostage franchises and their value; the order of the Railroad Commission in its favor respecting the ownership thereof; the exclusive right to operate thereunder; the exclusive right to the use of the name United Stages; the unlawful use of said name by defendants in violation of the terms of said order of the commission; the operation of certain stage lines in violation of the terms of said order; injuries suffered from such illegal acts, ending with a prayer for injunctive relief and for damages.

To this complaint each of the appellants here, acting as individuals, filed a separate answer and cross-complaint in identical language, differing only as to the particular route or highway to which rights were claimed, each of which claims was to a part of the system claimed by the United Stages, Inc. Said answers and cross-complaints set forth the facts relating to the controversy in all respects substantially as in the complaint in the action before us. The ownership of said franchises was pleaded; their ownership by United Stages, Inc., was denied, and ownership of a certain part of the system was alleged to be in each of said cross-complainants; the right to use of the name "United Stages" was put in issue; the alleged perfidy and bad faith of the defendant Morgan and the facts charging him as a trustee were also set up and prayer was made for an injunction restraining said United Stages, Inc., from operating autostages on said public highways, together with damages in large amounts for the use of said franchises and for costs and for "all proper relief."

The affirmative allegations of the said respective cross-complaints were put in issue by appropriate denials in answers thereto. The action came on for trial before the

Honorable John W. Shenk, now a member of this court, then a judge of the superior court of the state of California in and for the county of Los Angeles, on December 3, 1923. The cause was tried on its merits. The proceedings before the Railroad Commission were introduced. Certain testimony was offered and rejected. Findings of fact and conclusions of law were made upon which a judgment was entered, which said judgment was to the effect that United Stages, Inc., plaintiff there, was entitled to the relief prayed for as against five of the seven plaintiffs here and to the effect that said defendants there (plaintiffs here) were enjoined perpetually from using or aiding and abetting the use of the name "United Stages"; that said defendants there take nothing by reason of their respective cross-complaints. The cross-complaints of defendants J. O. Moore, W. H. Updegraff and J. O. McClung were not specifically disposed of by said judgment. Said judgment became final.

Following this, by proper amendments to the answer in the present action, said proceedings and judgment were set up and pleaded as *res judicata* of the issues tendered by the appellants in their complaint herein. This cause came on for trial on the twenty-sixth day of January, 1925, before the Honorable Frank C. Collier, whereupon the judgment-roll in the action above set forth was introduced in evidence and held sufficient to constitute a plea of *res judicata* and judgment thereupon followed for the defendants.

From this brief narrative of the complicated facts in this case it is evident that the action of the court below was correct. The causes of action and the parties are the same. The case was heard on the merits. The sole foundation upon which cause No. 8597 rested was the ownership of these franchises. The same ownership is the sole issue tendered by the complaint herein. If appellants were the owners of said franchises when said first cause of action arose, they were entitled not only to the relief there sought, but also to the relief prayed for in the present action, and if dissatisfied with the pronouncements of the court in said first action, it was their duty to see that a review of that judgment was had upon appeal. Failing to do this, the judgment, even were it erroneous, is nevertheless final and effective as to all issues properly involved therein and thereby disposed of.

The only difference between the two causes of action that we can discern is that in the present action wider and more amplified relief is prayed for but such relief, as above stated, depends solely upon the issues of ownership of said franchises, which said question was determined adversely to appellants here in the previous action. Appellants apparently have a misconception of the binding effect of the issues disposed of by the former hearing. It seems to be their contention that inasmuch as they did not ask for relief of the specific kind here prayed for, they may have another hearing on the merits for the purpose of seeking such relief. This is not the holding of this court. In the recent case of *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502 [258 Pac. 387], that question was before the court and was there disposed of as herein stated. (See, also, *Creditors' Adjustment Co.* v. *Newman*, 185 Cal. 513 [197 Pac. 334], *Bingham* v. *Kearney*, 136 Cal. 175, 177 [68 Pac. 597], and *Quirk* v. *Rooney*, 130 Cal. 505 [62 Pac. 825].)

■ Appellants also insist that inasmuch as the prior judgment did not deal with the claims of defendants Moore, Updegraff and McClung, it is not *res judicata* as to them. However, said defendants filed their cross-complaints and tendered the issue, and while the court did not specifically dispose of their claims, by its silence it nevertheless decided said claims against them (*Lamb* v. *Wahlenmaier*, 144 Cal. 91 [103 Am. St. Rep. 66, 77 Pac. 765]; *Soule* v. *Soule*, 4 Cal. App. 97, 106 [87 Pac. 205]; *Calegaris* v. *Calegaris*, 4 Cal. App. 264, 266 [87 Pac. 561]).

■ The claim that appellants have never had their day in court cannot be sustained for it was their duty at the previous hearing to tender each item of evidence tending to support their claims and if the decision was unfavorable to seek review by appeal. Having failed to do so, they are now foreclosed from such action. They have had their day in court. (*Price* v. *Sixth District Agricultural Assn.*, *supra.*) It follows that the contention that the judgment in said prior action rested solely upon the order of the Railroad Commission, and nothing else, cannot avail appellants at this time as the provisions of the judgment control and not the character of the evidence introduced to support it. Nor are the reasons assigined by the trial court for the making of its findings and the rendition of its judgment

proper matters for consideration. Appellants say that respondents are guilty of fraud and that *res judicata* cannot be invoked to sustain a fraud, citing *Spencer* v. *Vigneaux*, 20 Cal. 442, 449, and similar cases. This is, of course, a misconception also, for the fraud alluded to here is fraud in the procurement of the judgment pleaded, such as would vitiate it; but fraud in the procurement of the former judgment is not shown or claimed.

The claim that these parties are acting in an association in bringing this suit, whereas they were acting individually in the prior action, is without merit, for in the former action they pleaded their right to do business as the "United Stages," an association, and it was there in issue and determined adversely to them. Moreover, in reality the present suit is a suit by the individuals and not by the association.

Nothing in this opinion should be taken as the expression of a view that said order of the Railroad Commission is or is not in and of itself *res judicata* of the issues tendered by this action.

Hence the judgment first above announced.

Richards, J., Langdon, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Shenk, J., did not participate in the foregoing opinion.

Rehearing denied.

All the Justices concurred.