[L. A. No. 18580. In Bank. Apr. 26, 1943.]

HORACE M. DOBBINS, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY (a Corporation), Appellant.

Arch. H. Vernon, Earl E. Johnson, Gilbert E. Harris, M. J. Rankin, John O. Palstine and Milo V. Olson for Appellant.

Aaron Sapiro and Samuel De Groot for Respondent.

CARTER, J.—In 1935, plaintiff and defendant were appointed co-executors of the will of Caroline W. Dobbins, deceased. An account current was filed in the estate proceedings by the two executors, claiming $7,287.33 as compensation, $4,000 of which had been paid; and further claiming that they had rendered extraordinary services for which they would claim extra compensation in the final account. That account was settled. Thereafter a final account and petition for extraordinary fees was filed. It was alleged in the petition that defendant had performed extraordinary services for which it was entitled to compensation in the sum of $15,000, and a prayer was made for that amount. It was signed for plaintiff by defendant and also by defendant and the attorneys for plaintiff and defendant. Notice of hearing therein was given by posting. The court approved the account and ordered that $15,000 be paid to defendant as co-executor for extraordinary services rendered by it. The ordinary fees were divided equally between the executors. The extraordinary fee of $15,000 was paid to defendant. Plaintiff commenced the instant action to recover one-half of the latter fees, claiming that he was entitled thereto under an oral agreement between plaintiff and defendant made before the fees were awarded. The trial court found that the agreement had been made, and that the issue had not been determined by the order of the probate court allowing extraordinary fees to defendant, and gave judgment in favor of plaintiff for $7,500.

Whether or not a superior court sitting as a probate court has jurisdiction to determine the rights, as between co-representatives of an estate to the compensation awarded, where there is an alleged agreement between them relating to the division of the compensation, and the validity or invalidity of such an agreement, depends upon the power possessed by that court generally with respect to the apportionment of fees. Section 900 of the Probate Code authorizes the allowance of compensation to representatives of estates of deceased persons. Section 901 fixes the compensation on a percentage

basis, and provides: "If there are two or more executors or administrators, the compensation shall be apportioned among them by the court according to the services actually rendered by each." Section 902 empowers the court to make further allowance for extraordinary services performed. The latter compensation is subject to the above-quoted provision with respect to apportionment among several representatives, inasmuch as that provision refers generally to compensation of several representatives not merely to ordinary compensation alone. It cannot be doubted that that clause confers upon the probate court jurisdiction to apportion ordinary or extraordinary compensation between co-representatives in accordance with the services performed by each, at least in the absence of an agreement between them. It expressly states that the court shall apportion the fees according to the services actually performed. It has been held that the probate court has such power and that a superior court cannot interfere with the exercise of it. (*Hope* v. *Jones,* 24 Cal. 89.) Any agreement with relation to the division of fees even if it is to be carried into effect after the allowance is made by the court, necessarily involves the very issue to be determined by the court, that is, the extent and character of the services rendered by each, and the portion of the compensation to which each is accordingly entitled. Both the agreement and the adjudication by the court cover the same subject matter. As a necessary incident of its general power to apportion the compensation on the basis of services performed, it should also determine the validity and effect of any agreement affecting that subject matter. Sound judicial policy dictates that all of the issues should be determined in one proceeding, rather than by piecemeal litigation. If the agreement is invalid because violative of public policy or for any other reason, that should be settled in such proceeding. If the probate court made an apportionment on the only basis it could, according to the services performed, and ignored any agreement of the parties on the subject, its order might well be meaningless. Another court might decide that the agreement was valid and enforceable and thereby, in effect, apportion the fees in an entirely different manner. The result would be a vacation of the probate order, and render ineffective its judgment. It is not supposed that the jurisdiction of the probate court was to be so limited as to render the exercise of its power of apportionment ineffectual. Al-

68

though no agreement was involved in the case of *Hope* v. *Jones, supra,* the court clearly set forth the scope of the power of the probate court in making an apportionment between co-representatives, at page 93 as follows:

"The respondent seems to have rendered some service, and doubtless was entitled to some portion of the commissions, but *he has sought his relief in the wrong forum. He should have applied to the Probate Court.* If, as he contends, the allowance made to the appellant inures to his benefit, and the decree of the Probate Court does not assume to pass upon the question of apportionment, but only determines the amount of the allowance, it follows that *the question of apportionment was still open,* and he might and *should have applied to that Court for a further and supplemental decree,* designating and assigning to *each his proper share.* Then, upon the refusal of the appellant—the money being in his hands—to pay over his portion, he might have maintained this action.

"*The District Court has no jurisdiction over the allowance or apportionment* of the commissions of executors and administrators, and if it can interfere at all with the decree of the Probate Court, it can only do so as a Court of Chancery, and can go no further than to set aside the decree on the ground of *fraud,* or other like ground of equitable interference, and leave the parties to make another settlement in the Probate Court. (*Searles et al.* v. *Scott, Administrator, etc.,* 14 S.&M. (Miss.) 94.) And it is doubtful whether it could interfere, even in such a case, unless all opportunity to move in the Probate Court to open the account, or appeal from the decree, has been lost. Until this has happened, it would seem the power of the Probate Court and the right of appeal are adequate to the relief sought." (Emphasis added.) ▋ The probate court has jurisdiction in matters of compensation of representatives of estates of decedents. (*Dougherty* v. *Bartlett,* 100 Cal. 496 [35 P. 431]; *Estate of Kruger,* 143 Cal. 141 [76 P. 891]; *Eastwood* v. *Stewart,* 64 Cal.App. 614 [222 P. 369].) It has powers necessarily incident to the power granted and included in the latter. (See *Waterland* v. *Superior Court,* 15 Cal.2d 34 [98 P.2d 211].) ▋ Under various circumstances the probate court may determine the validity and effect of contracts when ancilliary to a proper judgment by it. (*Estate of Warner,* 6 Cal.App. 361 [92 P. 191]; *Estate of Cover,* 188 Cal. 133 [204 P. 583];

*Estate of Yoell,* 164 Cal. 540 [129 P. 999]; *Estate of Dob-bins,* 36 Cal.App.2d 536 [97 P.2d 1051]; *Carr* v. *Bank of America,* 11 Cal.2d 366 [79 P.2d 1096, 116 A.L.R. 1282].)

The case of *Estate of Carter,* 132 Cal. 113 [64 P. 123, 484], holds that the probate court has no jurisdiction to consider the effect or validity of an agreement for apportionment of fees; that such issue must be determined in an independent action. It is not significant that that case was decided before the grant to the probate court of statutory power to apportion, inasmuch as it endorses the principle stated in *Hope* v. *Jones, supra,* that that court had such power independent of statute. However, no reasons are given for the holding and we believe the foregoing discussion compels the overruling of that case. For the same reasons the approval of that case in *Kelly* v. *Conroy,* 91 Cal.App. 350 [266 P. 1022], is disapproved.

The issue of apportionment of the compensation between plaintiff and defendant was presented and determined in the order of the court allowing the sum of $15,000 to defendant for extraordinary services. The petition for the settlement of the final account, distribution and the allowance of compensation was presented by plaintiff and defendant as co-executors. It was there alleged that the *executor-defendant* had performed extraordinary services, a detailed account of which were set forth; that the reasonable value of those services was $15,000. In the prayer it was requested that the sum of $15,000 be allowed to *defendant.* Objections were filed to the account by various persons on matters not here in issue and a hearing was had. Exhaustive findings of fact and conclusions of law were made by the probate court wherein it was declared that *defendant* had performed extraordinary services of the value of $15,000 and that *it* was entitled thereto. The same declaration appears in the order thereafter made. While it is true that the word apportionment was not used nor was any mention made of the agreement of the parties here in question, the only reasonable interpretation of the proceedings is that the compensation was apportioned by the order. It was therein determined that defendant, one of the two co-executors, had performed the special services. If it had performed them, it necessarily followed that plaintiff had not. In light of that determination the allowance of the entire fee was made *to defendant*

*alone.* Such an allowance necessarily excluded any allowance to plaintiff. Hence, the exclusion was inescapably a determination on the issue of apportionment of the compensation. Plaintiff was to have none, defendant was to have all. It also follows that the same circumstances establish the distinction between this case and *Kelly* v. *Conroy, supra.* In the Kelly case the allowance was made in a lump sum to *both* representatives. Neither was excluded. The court there concluded that no apportionment had been made because it would not necessarily be implied that the compensation was divided equally between the co-representatives.

The allowance of compensation to representatives of estates is made in and by the settlement of the final account. (11b Cal.Jur. 470.) The order settling and allowing the account when it becomes final, is final and conclusive against all persons interested, with certain exceptions. (Prob. Code, sec. 931; 11b Cal.Jur. 610, et seq.) The order allowing the entire compensation to defendant was therefore res judicata upon the issue of apportionment of the compensation between plaintiff and defendant, co-executors.

It also must be true that, as a necessary incident of the adjudication upon that issue, apportionment, the rights of the parties under the agreement to share the compensation must be deemed to have been determined adversely to plaintiff. An agreement on the apportionment of the fees and the validity thereof was a probative fact or item of evidence bearing upon that issue and was incidental thereto. A probative fact bearing upon the main issue involved is necessarily incident to the judgment; the judgment is res judicata on the cause of action. A new action may not be predicated upon the same probative fact. As stated in *Ernsting* v. *United Stages, Inc.,* 206 Cal. 733, 737 [276 P. 103]:

"The claim that appellants have never had their day in court cannot be sustained for it was their duty at the previous hearing to tender each item of evidence tending to support their claims and if the decision was unfavorable to seek review by appeal." (See, also, *Henderson* v. *Miglietta,* 206 Cal. 125 [273 P. 581].) The situation is analogous to a cause of action which may be based upon several grounds. In such a case a judgment on the cause of action upon some of the grounds is a bar to a subsequent action on the same cause of action even though different grounds are advanced. (See *Panos* v. *Great Western Packing Co.,*

21 Cal.2d 636 [134 P.2d 242].) The claim to the apportionment or a certain share of the compensation by one co-executor, is the basis of his cause of action which may be determined in probate. One of the grounds for his claim may be the proportion of the services performed by him, another may be an agreement with his co-representative on the subject. He has only one cause of action and must present all of his grounds at the first hearing thereon. Any grounds he fails to present, but could have, and did not, may not furnish a basis for a second action. The judgment in the first action is conclusive as to every matter which might be urged in support of that action. It is therefore immaterial that plaintiff did not in fact present the agreement for litigation in the probate proceeding.

The court in the instant case found that the co-executors were appointed in February, 1935, four years prior to the order making the allowance and that they entered into an agreement that they would "upon receipt of any money as fees, divide equally any and all fees that they or either of them would receive for services as co-executor of said estate; and that each one of them, . . . would receive one-half of any such fees; and that such agreement was in full force and effect during the years 1935, 1936, 1937, 1938 and 1939." It may not be successfully urged that such agreement was merely to divide the compensation after the allowance was made, and hence not pertinent on the issue of apportionment before the probate court. It contemplated that the fees would be divided and naturally the fees to which reference was made and the amount thereof could be only what the court allowed. The agreement was in full force during the entire probate proceeding, and had a direct bearing upon the issue of how the fees should be apportioned. It is not reasonable that the court could make an apportionment and the parties immediately nullify its action by their agreement contrary to the court's determination. The agreement was properly a probative fact bearing upon the issue of apportionment as determined by the probate court, but it cannot prevail in defiance of the order providing for the apportionment of fees contrary to its provisions.

The judgment is reversed.

Gibson, C. J., Curtis, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.