[Civ. No. 14858.   Second Dist., Div. Two.   July 6, 1945.]

## JEAN GOLDKETTE, Appellant, v. HOWARD DANIEL et al., Respondents.

Sam Houston Allen for Appellant.

Kornblum & Austrian for Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the granting of their motion for a judgment on the pleadings, in an action for declaratory relief and accounting between the parties, plaintiff appeals.

So far as material the facts alleged in the complaint are:

On March 6, 1935, plaintiff and defendants entered into a written contract providing that defendants should render services as professional entertainers and that plaintiff should act as their business manager. The agreement provided that the proceeds of the enterprise should be divided equally among the six parties.

On July 3, 1942, the original contract was modified by another agreement in writing which was executed by all parties excepting defendant Daniel. However, though defendant Daniel did not execute the second agreement he conducted himself as though he were a formal party to the contract, rendering his services in the same manner as the other professional parties and sharing compensation on an equal basis with them. Just prior to the first of June, 1943, defendants Daniel and Williams refused, in the absence of an increase in their compensation, to participate in the presentation of a performance which plaintiff as their manager had arranged. In order that the performance should take place as scheduled, all parties signed an agreement May 31, 1943, which reads in part as follows:

"The Manager [plaintiff], Wilfred Williams and Howard Daniel, agree that in the event the controversy between them cannot be settled amicably on or before June 15, 1943, the entire matter will be submitted to Arbitration under the rules of the American Arbitration Association under the supervision of the Actors' Equity Association, the American Federation of Radio Artists or any other branch of the Four A's that might be affected."

The dispute between plaintiff and defendants Williams and Daniel was not amicably adjusted and pursuant to the provision quoted in the agreement of May 31, 1943, the controversy was submitted to the American Arbitration Association which made its award reading in part as follows:

"1. That complainant Jean Goldkette, and respondents Wilfred Williams and Howard Daniel were, prior to May 30, 1943, members of a partnership which partnership consisted of said persons together with Ira Williams, Edward Jackson, and James Sherman.

"2. That said partnership was a partnership at will.

"3. That said partnership was dissolved on May 31, 1943, by the withdrawal therefrom of said Wilfred Williams and Howard Daniel."

The superior court on May 12, 1944, made an order confirming this award.

The complaint before us concludes with a prayer for declaratory relief and an accounting of funds in the alleged partnership.

Defendants moved for a judgment on the pleadings predicated upon the ground that the complaint did not state a cause of action in that it showed on its face that the partnership between the parties had been dissolved.

This is the sole question necessary for us to determine: *Did the arbitration award which was entered as a judgment in the superior court constitute a bar to the present action for the reason that it found that the partnership between the parties had been terminated?*

This question must be answered in the affirmative. The award of the board of arbitration which had been entered as a judgment in the superior court expressly found that the partnership between the parties had been dissolved on May 31, 1943. Such award having become a final judgment was not subject to collateral attack (*Hise* v. *Superior Court,* 21 Cal. 2d 614, 624 [134 P.2d 748] ; *Mutual Benefit Health & Acc.*

*Assn.* v. *United Cas. Co.*, 142 F.2d 390, 393; 6 C.J.S. (1937) Arbitration and Award, § 115, p. 265), and was thus an established fact in the present case.

Since all of the parties to the instant action signed the agreement of May 31, 1943, by which it was agreed that the controversy could be submitted to arbitration, such award was binding on each of the parties, and as the complaint showed on its face that the partnership which plaintiff claims existed had been terminated, the complaint failed to state a cause of action in plaintiff's favor for profits accruing subsequent to the date of the dissolution of the partnership.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 30, 1945. Carter, J., and Schauer, J., voted for a hearing.