[Civ. No. 9616.    Third Dist.    July 17, 1959.]

DOWNER CORPORATION (a Corporation), Respondent, v. UNION PAVING COMPANY (a Corporation), Appellant.

Everett S. Layman, Kenneth S. Carey, Everett S. Layman, Jr., and Arthur J. Lempert for Appellant.

Gordon J. Aulik for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment awarding respondent attorneys' fees for services of its counsel on an appeal from an order confirming an arbitration award.

In 1948 the parties entered into two written joint venture agreements, under the terms of which appellant was to furnish the capital and respondent the labor for performance of two construction contracts. The agreements, among other things, provided:

"If any question should arise concerning the interpretation of this Agreement or any matter arising therefrom, said question or matter shall be left to the determination of a Board of Arbitrators. Each party shall appoint one arbitrator and these two shall appoint a third arbitrator. The decision of any two arbitrators shall be binding upon both parties hereto, and the cost of arbitration shall be borne equally between both parties."

After completion of the construction work in 1951, appellant refused to account for the profits. After unsuccessful negotiations for settlement, each party appointed an arbitrator, but the two were unable to agree upon the appointment of a third. Thereupon on March 13, 1952, respondent filed a petition herein seeking the appointment of a third arbitrator. Over appellant's objection the third arbitrator was appointed. On July 14, 1954, the arbitrators' award was signed and a notice of motion to confirm was filed. The award was confirmed on October 19, 1954. An appeal from the order of confirmation was taken on December 11, 1956. This court affirmed the order. (*Downer Corp.* v. *Union Paving Co.*, 146 Cal.App.2d 708 [304 P.2d 756].) Thereafter appellant unsuccessfully sought a rehearing in this court, a hearing in the

*Assigned by Chairman of Judicial Council.

Supreme Court of the State of California, and a review by the Supreme Court of the United States. The remittitur from this court was filed on February 19, 1957, and on February 20 respondent filed its memorandum of costs and disbursements on appeal and included therein attorneys' fees in an amount to be fixed by the court pursuant to notice of a motion therefor filed therewith. Upon appellant's objections and motion, the motion for an order fixing the fees was dismissed but with leave to respondent to file a supplemental complaint or petition for fees. In accordance with said leave of court, respondent filed a petition for an order fixing attorneys' fees in accordance with the following provision of the joint venture agreements:

"In the event either party finds it necessary to bring an action at law to enforce its rights hereunder, it is agreed that the Court shall award the successful party reasonable counsel fees."

After a hearing on the petition and the objections thereto, the trial court made an order fixing attorneys' fees but only for those services of respondent's counsel which were rendered after the taking of the appeal from the order confirming the arbitrators' award. On this appeal from said order appellant's main contentions are that the trial court had no jurisdiction to entertain a petition for attorneys' fees; that respondent waived its right to attorneys' fees by proceeding to arbitrate rather than bringing an action at law to enforce its rights; that respondent's claim is barred by the statutes of limitations; and that respondent's right to attorneys' fees is merged in the judgment affirming the award of the arbitrators, and respondent is barred by that judgment.

Appellant maintains that respondent could not for the first time assert its right to attorneys' fees when it filed its memorandum of costs and disbursements on appeal but was compelled to plead the same in its petition for appointment of a third arbitrator which was filed on March 13, 1952, and that the statute of limitations commenced to run from that date. There is no merit in this contention. Obviously the respondent could not then know that an appeal would be taken from the order thereafter made confirming the award of the arbitrators. Neither at law nor under the provision for attorneys' fees contained in the joint venture agreements did respondent at that time have a cause of action for attorneys' fees for defending against the appeal from the order confirming the award of the arbitrators. It was not until after October 24,

1954, when appellant filed its notice of appeal from the order of confirmation, that counsel performed any services which were compensable under the agreements between the parties.

The court in *Genis* v. *Krasne*, 47 Cal.2d 241, 248 [302 P.2d 289], in discussing *Stockton Theatres, Inc.* v. *Palermo*, 124 Cal.App.2d 353 [268 P.2d 799], stated: "[W]hen costs are awarded on appeal, the memorandum of costs on appeal is filed and taxed in the trial court (Code Civ. Proc., § 1034), and if a party is entitled to attorneys' fees on appeal, they can be determined by trial court when it determines the costs on appeal. (See *Cirimele* v. *Shinazy* (1954), 124 Cal.App.2d 46, 53 [268 P.2d 210]; *Oakland, Calif. Towel Co.* v. *Roland* (1949), 93 Cal.App.2d 713, 718-719 [209 P.2d 854].)"

In the Oakland, Calif. Towel Co. case, *supra*, the court said, at page 719: "It was further stated in the Painter case, at page 627: 'This authority given the court could only be exercised when the fee, now in dispute, was to be allowed by an order made after final judgment, and allowance is necessarily an incident to such judgment when given against the claimant as plaintiff in the action.' In accordance with the above, the trial court, if it be so inclined, may allow a *reasonable* fee for services on appeal. [Paragraph.] The judgment is affirmed. The motion for counsel fees on appeal may be filed within 30 days from the date of the filing of the remittitur." (See also 14 Cal.Jur.2d, Damages, § 105, p. 726.)

*Gerard* v. *Salter*, 146 Cal.App.2d 840, 848 [304 P.2d 237], upon which appellant relies, is not in point. There the attorneys' fees which were sought to be recovered at the time of the confirmation of the award were largely for services rendered in connection with the hearing before the board of arbitrators. No services on appeal were, or could be, then involved.

Appellant argues that respondent did not bring an action at law to enforce its rights but elected to proceed to arbitration and that, therefore, under the joint venture agreements, he was not entitled to counsel fees, as it was therein provided that "the cost of arbitration shall be borne equally between both parties." It is too well established to require citation of authority that "costs" do not include attorneys' fees. In the Gerard case, *supra*, wherein the contract authorized the arbitrators to "assess costs and charges of the arbitration upon either or both parties" but provided that if suit were brought "in court to 'enforce the terms thereof any

judgment awarded shall include court costs and reasonable attorneys' fees to the successful party,' '' it was held that the provision for attorneys' fees related only to services in the court proceedings and not to those services rendered in connection with the hearing before the arbitrators. ██ Similarly herein it must be held that the ''costs of arbitration,'' which were to be borne equally by the parties, were limited to the actual costs of the arbitration and not to the court costs and fees of counsel thereafter incurred by reason of the court action to enforce the arbitration award. The arbitration ceased and ended with the award. The appeal from the order confirming it was no part of the arbitration. The issue of the right to attorneys' fees did not arise until after the arbitrators concluded their hearing and after the award granted by them had been affirmed. Since the parties to this action in their contract agreed that the court shall award the successful party reasonable counsel fees in the event that either party found it necessary to bring an action at law to enforce its rights under the arbitrators' award, the parties themselves invested the court with jurisdiction to allow reasonable attorneys' fees.

The judgment is affirmed.

Schottky, J., concurred.

VAN DYKE, P. J.—I dissent. Unless specially provided for by statute attorneys' fees are an element of damages ancillary to a cause of action to enforce some contractual right. (*Genis* v. *Krasne*, 47 Cal.2d 241 [302 P.2d 289].) Like any other element of damages they must be pleaded when the party claiming the same first institutes court action to enforce his claims. (*Genis* v. *Krasne, supra*.) The right to recover attorneys' fees depends upon the contract in the particular case and whether or not the contractual conditions antecedent to a valid claim for attorneys' fees are present is a proper issue to be submitted when the action is brought to enforce contractual rights. For instance, in the case before us the agreement as to attorneys' fees made it a condition precedent to recovery that the party claiming them had found it ''necessary to bring an action at law to enforce its rights.'' It might well have been a disputed issue as to whether the application for a judgment confirming the arbitrators' award was necessary to the enforcement of the applicant's rights. Other affirmative defenses might exist. The right to attorneys' fees

ought to have been pleaded and an award of attorneys' fees ought to have been requested as a part of the relief to be granted in the proceeding. That is the usual procedure and I see nothing in the situation here which justifies any exception to the general practice. As said in *Genis* v. *Krasne, supra,* page 246:

". . . Such fees cannot be allowed a successful litigant without pleading and proof (or admission) that there is a contract provision for them. This is so whether the successful party is plaintiff [citing cases] or defendant . . ." (See also *Brooks* v. *Forington,* 117 Cal. 219 [48 P. 1073], and *Prescott* v. *Grady,* 91 Cal. 518, 522 [27 P. 755].)

I think that in order to recover attorneys' fees it was necessary for respondent herein to tender the issue of its right to such fees as a part of the relief it claimed upon making its application to the court for a judgment confirming the arbitrators' award. Not having done so it relinquished its right.

The failure of respondent to plead its right to attorneys' fees and demand appropriate relief in the trial court brings into play another well-settled rule of law, that of estoppel by judgment. A judgment concludes the parties as to all issues that are settled thereby and also as to those issues which might have been settled by the judgment had they been pleaded and presented to the court. (*Sutphin* v. *Speik,* 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497]; *Dobbins* v. *Title Guarantee & Trust Co.,* 22 Cal.2d 64, 70 [136 P.2d 572]; *Brunswig Drug Co.* v. *Springer,* 55 Cal.App.2d 444, 449-450 [130 P.2d 758]; *De Hart* v. *Allen,* 26 Cal.2d 829, 830-831 [161 P.2d 453].) The doctrines of res judicata and estoppel by judgment apply to proceedings in court in respect to arbitration. Section 1292 of the Code of Civil Procedure provides with respect to the judgment confirming the award:

"The judgment so entered has the same force and effect, in all respects, as, and is subject to all the provisions of law relating to, a judgment in an action; and it may be enforced, as if it had been rendered in an action in the court in which it is entered."

The doctrine of res judicata was applied in respect of a judgment rendered in connection with arbitration in *Goldkette* v. *Daniel,* 70 Cal.App.2d 96, pages 98-99 [160 P.2d 145]. In this case, since the right to attorneys' fees could have, and as I have said ought to have, been tendered as an issue in the

main action when application was made for a confirmatory judgment, the right to attorneys' fees stands as adjudicated against respondent. In that proceeding respondent could not withhold any proper issue nor split its demands so as to retain the right to litigate in later proceedings. Akin to the foregoing are these further considerations. There was but one "action at law" begun and prosecuted by respondent. The fact that an appeal was taken did not and could not constitute a new action. Section 1049 of the Code of Civil Procedure provides that:

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed . . ."

As said in *Sharon* v. *Hill*, 26 F. 337, 346 [11 Sawy. 290] :

"The effect of this provision appears to be that the judgment in the court below is only a step in the proceeding to a final judgment in the appellate court in case of an appeal, . . ." (To the same effect see *Pacific Gas & Elec. Co.* v. *Nakano*, 12 Cal.2d 711, 714 [87 P.2d 700, 121 A.L.R. 417].)

Any suggestion that because a plaintiff does not know an appeal will be taken he need not make or cannot make claim thereto until an appeal is in fact taken was rejected by the Supreme Court in *Genis* v. *Krasne, supra,* at page 248, as follows :

". . . It is lessor's position that when the litigation concluded in their favor in the trial court they could only present evidence of services which had been rendered up to that time; they could not anticipate whether there would be an appeal and what attorneys' services would be required if there were. There is no such practical difficulty, for when costs are awarded on appeal, the memorandum of costs on appeal is fixed and taxed in the trial court . . . , and if a party is entitled to attorneys' fees on appeal, they can be determined by trial court when it determines the costs on appeal."

I would reverse the judgment for attorneys' fees with directions to the trial court to enter judgment that respondent is not entitled to recover such fees.

Appellant's petition for a hearing by the Supreme Court was denied September 11, 1959.