Filed 5/16/16  HSBC Bank, USA v. Wells Fargo Bank, N.A. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| HSBC BANK, USA,<br><br>    Plaintiff, Cross-defendant and Respondent,<br><br>WELLS FARGO BANK, N.A.,<br><br>    Cross-defendant and Respondent,<br><br>v.<br><br>ROBERT L. WOOD et al.,<br><br>    Defendants, Cross-complainants and Appellants. | 2d Civil No. B266405<br>(Super. Ct. No. 56-2012-00414216-CU-OR-VTA)<br>(Ventura County) |

A lender whose loan is secured by a trust deed brought an action against the borrower.  The borrower cross-complained.  The lender prevailed on both the complaint and cross-complaint.  The trial court awarded the lender attorney fees pursuant to a clause contained in the trust deed.  We reverse the order awarding attorney fees and costs to the lender.  The one-form-of-action rule (Code Civ. Proc., § 726, subd. (a) (hereafter "section 726")) is a defense to a direct action against the borrower for fees and costs.

FACTS

In 2006, Robert L. Wood obtained a loan secured by a deed of trust on his residence.  The note and deed of trust were assigned to HSBC Bank, USA (Bank).

Wood fell behind on his payments and requested a loan modification pursuant to the Home Affordable Modification Program (HAMP). The Bank agreed to modify Wood's loan on the condition that he provide the documents necessary to reform the trust deed's incomplete legal description. Wood refused to provide the documents. Instead, he insisted that the Bank modify the loan before he provided the documents or at least conduct the transaction through an escrow. The Bank refused and terminated Wood from the loan modification program.

The Bank brought an action to reform the trust deed's legal description. Wood filed a cross-complaint for breach of contract based on the Bank's refusal to modify the loan. The trial court found for the Bank on both the complaint and cross-complaint.

The Bank brought a motion for attorney fees under section 9 of the trust deed. Section 9 provides in part: "If . . . there is a legal proceeding that might significantly affect Lender's [fn. omitted] interest in the property and/or rights under this security [i]nstrument . . . , then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this security [i]nstrument. . . . . Lender's actions can include, but are not limited to: . . . (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this security instrument . . . . [¶] Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this [s]ecurity [i]nstrument." The Bank also filed a cost memorandum seeking $16,932 in costs.

Wood defended the Bank's motion for attorney fees and costs on the ground, among others, that section 726, subdivision (a) prohibits a direct action against him for fees and costs. Instead, the Bank must add its fees and costs to the secured debt and enforce its right to fees through foreclosure. Wood also filed a motion to tax costs.

The trial court rejected Wood's defense based on section 726 and his motion to tax costs. The court awarded the Bank attorney fees in the amount of $175,000 plus costs.

2

DISCUSSION

Wood contends that section 726, subdivision (a) applies to the award of attorney fees.

Section 726, subdivision (a) provides in part: "There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property . . . which action shall be in accordance with the provisions of this chapter." The one form of action is foreclosure. (*Brown v. Jensen* (1953) 41 Cal.2d 193, 195.)

A debtor can use section 726 as an affirmative defense, forcing the creditor to exhaust the security by foreclosure before he can seek a money judgment by deficiency. (*Security Pacific National Bank v. Wozab* (1990) 51 Cal.3d 991, 997.) In the alternative, the debtor may use the section as a bar to foreclosure. Where the creditor seeks a personal money judgment against the debtor without first foreclosing, the creditor will be barred from foreclosing on the security. (*Ibid.*)

The Bank argues it has an option: It can pursue a direct action against Wood based on the trial court's fee award order without jeopardizing its right to foreclose. In the alternative, without a court order, it can add the fees to the amount secured by the trust deed.

But that is precisely the option section 726 does not allow. Either the right to attorney fees is secured by the trust deed, in which case section 726 applies, or the right to attorney fees is not secured by the trust deed, in which case the fees cannot be added to the amount of the secured debt.

The Bank's reliance on *De la Cuesta v. Superior Court* (1984) 152 Cal.App.3d 945 is misplaced. There a debtor brought an action to enjoin enforcement of a due-on-sale clause in a trust deed. The secured creditor prevailed. The court determined that the creditor's failure to request fees in the trial court did not prevent the fees from becoming part of the secured debt. (*Id.* at p. 949.) The court did not decide the creditor had the option either to pursue the fees directly or to add the fees to the secured debt.

3

The Bank argues section 726 does not apply because neither its action to reform the legal description nor its defense to Wood's action for specific performance of the loan modification agreement is a right secured by the trust deed.

The Bank relies on *Passanisi v. Merit-McBride Realtors, Inc.* (1987) 190 Cal.App.3d 1496 (*Passanisi*). There the debtor brought an action to enjoin foreclosure of a deed of trust. The creditor prevailed and obtained an award of attorney fees. The Court of Appeal held that section 726 did not apply to the award of attorney fees for several reasons including that the action was not for the recovery of a debt or the enforcement of any right secured by the trust deed, and that the debtor, not the creditor, brought the action. (*Passanisi*, at pp. 1506-1507.)

Thus in determining whether an award of attorney fees is governed by section 726, *Passanisi* looks to the nature of the underlying action. Apparently under *Passanisi*, if the underlying action is not to recover a debt or enforce any right secured by the trust deed, neither is the award of attorney fees.

We disagree with *Passanisi*. Whatever the nature of the underlying action, the Bank's claim to attorney fees is based exclusively on section 9 of the trust deed. Thus even if the underlying action itself does not implicate any debt or right secured by the trust deed, it is inescapable that the motion for attorney fees does. Section 9 of the trust deed expressly states that the attorney fees "become additional debt of Borrower secured by this Security Instrument."

The Bank argues that requiring it to pursue attorney fees in foreclosure would undermine the reciprocity principal codified in Civil Code section 1717. A prevailing debtor can obtain a judgment for fees from the creditor, but the creditor must look to the secured property. In a falling real estate market, a creditor may be precluded from collecting the fees to which it is entitled.

First, the Bank does not suggest that the security here is insufficient to cover its fees. Second, the secured creditor always assumes the risk of a falling real estate market. Third, we cannot ignore the plain language of section 726.

4

Section 726 acts as a bar to the Bank's direct action against Wood for attorney fees. Because the Bank's right to attorney fees is secured by the trust deed, foreclosure is the only form of action available to enforce that right.

Neither party argues that under section 726 costs are treated in a manner any different than an award of attorney fees. Thus the cost award is also subject to section 726, and must be enforced through foreclosure.

## DISPOSITION

The judgment (order awarding attorney fees and costs) is reversed. Costs on appeal are awarded to appellants.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

5

Vincent J. O'Neill, Jr., Judge

Superior Court County of Ventura

_____


Law Offices of Jerome Zamos, Jerome Zamos for Defendants, Cross-complainants and Appellants Robert L. Wood and Maria Regie Sales Chiong.

Severson & Werson, Jan T. Chilton, Kerry W. Franich for Plaintiff, Cross-defendants and Respondents HSBC Bank, USA and Wells Fargo Bank, N.A.